REZIN LOVITT V. THE WELLINGTON & WESTERN RAILROAD COMPANY.

APPEAL BOND, *Absolutely Void.* Where a judgment is rendered in favor of A., against C., before a justice of the peace, or a similar award of damages for right of way made by a board of county commissioners, and C., for the purpose of perfecting an appeal to the district court, gives a bond running to B., an entire stranger to the record and proceedings, and no special equities are shown, *held,* that the district court committed no error by refusing to permit the perfecting of an appeal by the giving of a new bond running to A.

*Error from Sumner District Court.*

PROCEEDING by the *Wellington & Western Railroad Company* to condemn the right of way through *Lovitt's* land. Plaintiff, intending to appeal from the award of $172 damages made in his favor, filed a certain bond with the county clerk. At the November Term, 1880, of the district court, this bond

was adjudged void, and permission to file a new bond was refused. *Lovitt* brings the case here. The opinion states the facts.

*J. T. Herrick*, for plaintiff in error.

*Geo. R. Peck*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are briefly as follows: The Wellington & Western Railroad Co. commenced proceedings before the county commissioners for the condemnation of the right of way; the road ran through plaintiff's land; damages were awarded to him by the county commissioners, but, dissatisfied with the award made by them, he determined to appeal to the district court. In pursuance of this intention, he filed with the county clerk a bond running to the Cowley, Sumner & Fort Smith Railroad Co. The mistake arose, as appears from the affidavit of the attorney for plaintiff, from the fact that the two roads made application to the commissioners for the condemnation of the right of way at about the same time; that he, as attorney, was employed by parties along the line of both roads to appeal from the award of damages, and that from mistake and oversight he prepared the bond as running to the wrong road. Upon the strength of the bond filed by defendant, he applied for leave to file a new bond running to the right road, which motion was overruled by the district court, and upon motion of the defendant the appeal was dismissed. The single question therefore arises, whether upon a judgment in favor of A., and an appeal attempted by giving a bond in favor of B., the district court has the power or ought to permit the perfecting of the appeal by the filing of a new bond running to A. Doubtless where an appeal bond is simply irregular or defective, under §§ 139 and 140 of the code, and 131 of the justices' act, the appellant should be permitted to supply a new in place of the defective bond; but the bond as filed in this case was an absolute nullity. It was not a bond to the party in interest, but one running to a stranger; not a bond to a trustee or one

interested in or affected by these proceedings, but a bond to an absolute stranger to the record.  The bond was not simply defective or irregular, or insufficient in amount, or insufficient in security, but a bond which, running to a party entirely a stranger to the record, was a perfect nullity.  The bond was nothing; it was like a blank piece of paper filed in the case. The district court refused to permit the filing of a new bond, or the perfecting of the old one, and in this we think its ruling was correct.  The case comes down to this: Upon a judgment in favor of A., an appeal bond is filed running to B., and there is no connection or relation of any kind between A. and B.; one has nothing to do with the suit of the other, and no special equities are shown.  The bond given is not irregular, or defective; it is void, amounts to nothing, and furnishes no basis sufficient to compel an amendment. (*Gates v. Sanders*, 13 Kas. 411.)

We see no error in the ruling of the district court, and it must be affirmed.

All the Justices concurring.