# JULY TERM, 1889.

### PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. WILLIAM A. JOHNSTON, }

The Chicago, Kansas & Western Railroad Company v. The Abilene Town-Site Company.

Appeal Bond, *Not Double Amount of Award; Jurisdiction.* On an appeal from the award of commissioners appointed to condemn a right-of-way for a railroad company through land, and to assess the value of the land taken and damages sustained, in which the appeal bond was conditioned that the appellant would prosecute the appeal without unnecessary delay, and pay all costs and damages awarded against him, the bond being in the sum of $500, and the award being in the sum of $1,480, the district court acquired jurisdiction of the subject-matter of the action, notwithstanding the fact that the bond was not in double the amount of the award.

*Error from Dickinson District Court.*

CONDEMNATION proceeding for a railroad right-of-way. Judgment for the plaintiff *Town-Site Company*, at the May term, 1887, for $7,400 damages. The *Railroad Company* brings the case here.

*Geo. R. Peck, A. A. Hurd, Robert Dunlap,* and *C. S. Bowman,* for plaintiff in error.

*C. F. Mead,* for defendant in error.

Opinion by SIMPSON, C.: The defendant in error appealed from the award of the commissioners appointed by the judge of the district court to condemn a right-of-way for the plaintiff in error, to the district court of Dickinson county. The

town-site company filed an appeal bond, which was approved by the county clerk, and was in the following form:

"Whereas, the above named, the Abilene Town-Site Company, a corporation duly organized under the laws of the state of Kansas, intends to appeal to the district court of said county from an award of damages made on the 16th day of April, 1887, by commissioners duly appointed and qualified to condemn a right-of-way for said the Chicago, Kansas & Western Railroad Company, for a right-of-way for said railroad company through the south half of the northeast quarter and the west half of the southeast quarter of section No. 17, in township 13 south, of range 2, east of the sixth principal meridian, in said county of Dickinson: now, therefore, we, the Abilene Town-Site Company as principal and Geo. A. Rogers as surety, do hereby undertake to said the Chicago, Kansas & Western Railroad Company, in the sum of $500, that said the Abilene Town-Site Company will prosecute its said appeal to effect and without unnecessary delay, and pay all costs and damages that may be awarded against said the Abilene Town-Site Company.

"The Abilene Town-Site Company, by G. W. Hurd, its president, duly authorized. GEO. A. ROGERS.

"The foregoing bond taken and approved by me, this 25th day of April, 1887. [Seal.] RICHARD WARING,
County Clerk."

The plaintiff in error appeared specially in the district court for the purposes of the motion only, and filed the following motion, which was overruled:

"Now comes the Chicago, Kansas & Western Railroad Company, by C. S. Bowman, its attorney, for the purpose of this motion only, and moves the court to quash and dismiss the appeal in the above-entitled cause, for the following reasons, to wit:

"1. No sufficient bond has ever been executed and filed in said cause, to give the court jurisdiction in the matter.

"2. The pretended appeal bond is insufficient in form, in amount, and in law."

The plaintiff in error then filed a demurrer, raising substantially the same question as the motion, and this was overruled. Exceptions were duly saved, and the case brought here for review.

The only question presented and insisted upon is, that by reason of the appeal bond not being in double the amount of the award, the district court acquired no jurisdiction of the subject-matter of the action — the contention of counsel being, that in all cases of appeal from a judgment of a justice of the peace to the district court, that court acquires no jurisdiction unless the amount of the appeal bond is double the amount of the judgment in the justice's court. This contention is based upon a strict construction of §121 of the justices code, that reads:

"SEC. 121. The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: First, that the appellant will prosecute the appeal to effect and without unnecessary delay; and second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. Said undertaking need not be signed by the appellant."

Section 86 of chap. 23, Comp. Laws 1885, p. 225, gives the right of appeal from an award of commissioners for the value of and damages to the land of a person appropriated to the right-of-way of a railroad company, and provides that the appeal shall be granted in the same manner as appeals are granted from a judgment of a justice of the peace to the district court, but that said appeal, and all subsequent proceedings, shall only affect the amount of compensation to be allowed. The appeal is then limited to the single question of the amount of compensation, and is to be taken in the same manner as from a judgment of a justice of the peace. These are all the statutory provisions granting the right of appeal and prescribing the manner in which the appeal is to be taken. We have given the question of jurisdiction thorough consideration, and there is no view of the subject in which it can or ought to be held that the district court acquires no jurisdiction, by reason of the fact that an appeal bond is defective in form, or insufficient in amount. On the

contrary, there is a statutory provision that expressly determines otherwise, and cannot be given expression and force if such a theory be adopted. Section 131 of the justices code expressly provides that—

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in *form* or *amount*, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

Under this section it does not make any difference how defective in form or amount, or how insufficient the surety of the appeal bond may be, it can be changed or renewed, either by the justice or by the district court, if complaint is made.

Appeal bond, defective in form or amount; jurisdiction; practice.

This seems to be absolutely conclusive on the question of jurisdiction. If the bond is insufficient in form or amount, the party against whom the appeal is taken has the right to have it corrected in these particulars, or the appellant may strengthen his appeal bond, to guard against such a motion by the opposite party. In either or any event contemplated by § 131, the district court retains the case, and has the power to hear and determine it, or to dismiss it for non-compliance with an order to file a better bond in form and amount. We see no other solution of this question in view of these statutory enactments. This court has decided in the case of *St. J. & D. Rld. Co. v. Orr*, 8 Kas. 419, that § 131 of chapter 81, Comp. Laws of 1885, page 225, has application to appeals of this character. In that case the bond was approved by the county commissioners instead of the county clerk, and the order of the district court permitting a new bond to be filed was affirmed, as being authorized by that section of the justices code.

So in the case of *Gates v. Sanders*, 13 Kas. 411, it is said by Mr. Justice BREWER that—

"While the district court has ample power to permit an amendment of the appeal bond, when insufficient in form or amount, (Justices Act, § 131,) yet an amendment is not a mat-

ter of right upon which in all cases of insufficiency a party may insist. The court must exercise a sound discretion in deciding whether under the circumstances of the particular case, the party .should be allowed to amend."

It is said in *Lovitt v. W. & W. Rld. Co.*, 26 Kas. 297:

"Doubtless where an appeal bond is simply irregular or defective, under §§ 139 and 140 of the code, and 131 of the justices act, the appellant should be permitted to supply·a new bond in place of the defective bond."

In this case of Lovitt, the bond was not simply defective, or irregular, or insufficient in amount, or insufficient in security, but a bond which, running to a party entirely a stranger, to the record, was a perfect nullity.

The case of the *St. L. K. & A. Rly. Co. v. Quinn*, 24 Kas. 370, is one in which an appeal bond was not filed in time, but the court held that the filing of pleadings and the proceedings had in the case operated as a waiver of any question as to whether it was filed in time or not. The logic of all these cases is against the theory of the plaintiff in error. The bond in this case was filed in time, runs to the right party, was approved by the county clerk, is in the exact form prescribed by the statute, except as to the amount, but is in an amount amply sufficient to protect the railway company from the payment of all costs that could be adjudged against the appellant. No possible contingency could arise in which any judgment could be rendered against the appellant, except for costs, as the only question to be determined on the appeal is confined by the statute to the amount of the compensation. If it was entitled to no greater compensation than allowed by the commissioners, it must pay the costs, and this was the extent of any judgment that could be rendered against the town-site company. It did not appeal from a personal judgment, as in ordinary cases on which an execution could issue, (17 Kas. 247,) but an award of damages only, which the railroad company may either pay or refuse to pay, according as it determined to maintain or abandon its right-of-way over the land in controversy. Hence, it does not fall within the

strict letter of the statute, requiring a bond in double the amount of the judgment, as in an ordinary case of a money judgment.

But we are not to be technical in dealing with questions arising out of the sufficiency of appeal bonds, because this court has declared in the case of *Haas v. Lees*, 18 Kas. 449, that "appeals are favored, and mere technical defects or omissions are to be disregarded as far as possible without obstructing the course of justice." We have no lingering doubt but that the bond was such as to give the court jurisdiction over the subject-matter of the action, and that the motion so far as it went to the jurisdiction of the court, was properly overruled. The second cause enumerated in the motion, to wit, "that the bond is insufficient in form, in amount, and in law," was not made the basis of an application in the court below for an order to require the appellant to make his bond more perfect in these respects, and is not commented upon by counsel, who rest their case on the sole ground of want of jurisdiction.

The record shows that after the ruling of the court below on the motion for which a special appearance was entered, the railroad company appeared generally, and tried the case upon its merits. The jury returned a verdict much larger than the amount awarded by the commissioners, and a judgment was rendered on the verdict, and as the district court acquired jurisdiction, even if the bond was insufficient in amount or form, (but that we do not now decide,) the subsequent general appearance of the plaintiff in error, and a trial of the case on its merits, waived any irregularity.

We do not agree with counsel in their construction of § 131 of the justices code, that it is only for the benefit of the appellant. It is a statute framed more in the interest of the appellee than of the party who gives the bond; but be that as it may, it is very clear that if the appellee is dissatisfied with the surety, or the form of the bond, he can file his motion and have it perfected, and thus protect his own interest, and make the payment of his judgment, if it is affirmed, a reasonable certainty.

The writer of this opinion has examined some of the cases now pending, and a few that have been decided in this court, wherein appeals have been taken from the award of commissioners, and finds that in no one of the cases examined has the land-owner given a bond in double the amount of the award, but the amount of the bond has invariably been fixed in a sum that would reasonably cover all the costs likely to accrue on the appeal. This accords with the general understanding of the profession in this state. This practical construction has some weight in the determination of this question, especially when it is urged at this late day, that in all these cases wherein bonds were not given in double the amount of the award, the courts rendering judgments on such appeals were without jurisdiction and their proceedings necessarily void. In an early case it was said as to such a bond:

"There is no case where a bond fairly and regularly executed, and comprising substantially all the requisites of the statute, has been adjudged void because it departed in some one or more particulars from the exact words of the statute authorizing it to be taken. It has been the uniform objects of our courts to support bonds executed under the provisions of law, where, by a reasonable interpretation, such bonds can be made to meet the intention for which they are required and taken." (*Gardner v. Woodyear*, 1 Ohio, 170.)

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.