THE ST. LOUIS, KANSAS & SOUTHWESTERN RAILWAY
COMPANY V. JOSEPH MORSE.

50    99
58   327

50    99
62   524

50    99
678   93

1. CONDEMNATION PROCEEDINGS — *Void Appeal Bond.*  In condemnation
proceedings instituted by a railroad company to procure a right-of-
way, where an appeal bond is given which is signed by the surety
only, and not by anyone else, and does not bind or obligate the
surety in any amount whatever, *held*, that the appeal bond is void
and cannot constitute or effect an appeal from the award of the
condemnation commissioners to the district court.

2. JURISDICTION — *Amendment of Bond.*  In such a case the district
court will not obtain sufficient jurisdiction, over the objections of
the appellee, to permit the appeal bond to be amended by inserting
an amount therein.

3. APPEAL, *Not Rendered Valid.*  And in such a case the mere agree-
ment of counsel to continue the case to another term of the district
court will not render the attempted appeal valid, nor give to the
district court jurisdiction, over the objections of the appellee, to
hear and determine the case.

4. APPEARANCE — *Jurisdiction not Given.*  And where the railroad com-
pany moved to dismiss the appeal, on the grounds that the district
court had no jurisdiction, that no amount was stated in the appeal
bond, and that the appeal bond was not such as is required by law,
and the district court overruled the motion, any appearances made
by the railroad company after that time in defense of the action
will not render the appeal valid, or give to the court jurisdiction,
either appellate or original, to hear and determine the case.

*Error from Harper District Court.*

THE facts appear in the opinion.  Judgment for plaintiff,
*Morse*, at the October term, 1889.  The defendant *Railway
Company* brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff
in error.

The district court did not have jurisdiction by way of ap-
peal from the condemnation proceedings, because no valid
and binding bond was filed within the time required by law.

The right of appeal of the plaintiff from the award of com-
missioners is a statutory right, to which certain conditions are

annexed, and a party cannot exercise this right without complying with the conditions attached by the statute. *C. B. U. B. Rld. Co. v. A. T. & S. F. Rld. Co.*, 28 Kas. 464.

See, also, *Beckwith v. K. C. & O. Rld. Co.*, 28 id. 484, 486; *Lovitt v. W. & W. Rld. Co.*, 26 id. 297; Justices' Code, § 121; *Preston v. Hall*, 23 Gratt. (Va.) 600; *Sacra v. Hudson*, 59 Tex. 207; *Bardon v. Southerland*, 70 N. C. 528; *Marsh v. Brooks*, 11 Ired. Law, 409; *Basford v. Pearson*, 9 Allen, 387; *Upton v. Archer*, 41 Cal. 85; *Mosly v. Arkansas*, 4 Sneed (Tenn.), 324; *Clelland v. Tanner*, 8 Colo. 252, 253.

A compliance with all the requirements of the statute by the appellant is imperative. *People v. Saratoga Common Pleas*, 1 Wend. 282, 283; *Ex parte Stevens*, 6 Cow. 68; *Ex parte La Farge*, 6 id. 61; *Southard v. Phillips*, 7 Hun, 18; *Thomas v. Thomas*, 18 id. 481; *Hearne v. Prendergast*, 61 Tex. 627.

That a bond which is insufficient at the time of filing to comply with the requirements of the statute is a nullity, and does not give jurisdiction, see *Young v. Russell*, 60 Tex. 648; *The State v. Hoelz*, 33 N. W. Rep. 597; *Figures v. Duncan*, 5 S. W. Rep. 503; *Succession of Calhoun*, 35 La. An. 363; *Morphew v. Tatum*, 89 N. C. 183; *Bailey v. Rutges*, 91 id. 420; *The State v. Wagner*, 91 id. 521.

*Edwin A. Austin*, for defendant in error:

In the case of *Lovitt v. W. & W. Rld. Co.*, 26 Kas. 297, the bond ran to an entire stranger to the record and proceedings, as this court has had frequent occasion to point out. *C. K. & W. Rld. Co. v. Town Site Co.*, 42 Kas. 97; *McClelland Bros. v. Allison*, 34 id. 155.

In the case of *Beckwith v. K. C. & O. Rld. Co.*, 28 Kas. 484, no bond whatever was given, but a deposit of money attempted to be submitted. Neither of these cases is like the present, nor are they analogous to this case. The policy of the law and the courts was early settled in this state, when in *St. J. & D. C. Rld. Co. v. Orr*, 8 Kas. 419, this court approved the filing of a new bond where the original was ap-

proved by the county commissioners instead of the county clerk whom they had just decided was the proper officer in *Gulf Rly. Co. v. Owen,* 8 Kas. 409. This was justified by § 131 of justices' code, which is still the law.

In *Haas v. Lees,* 18 Kas. 454, the court says that "Appeals are favored, and mere technical defects or omissions are to be disregarded as far as possible without obstructing the course of justice." See, also, *McClelland v. Allison,* 34 Kas. 155; *Smith v. Town Co.,* 36 id. 758; *C. K. & W. Rld. Co. v. Town Site Co.,* 42 id. 97; *Gates v. Sanders,* 13 id. 411.

In *C. K. & W. Rld. Co. v. Town Site Co.,* supra, the railroad company appeared generally and tried the case upon its merits, submitting special questions to the jury and making a motion for a new trial. That case is decisive of this case. See, also, *N. C. Gold Co. v. N. C. Ore Co.,* 79 N. C. 48, 51; *Mitchell v. Goff,* 18 Iowa, 424; *Dunseith v. Linke,* 10 Daly (N. Y.), 365; *Jenkins v. Emery,* 2 Wyo. 58; *Irwin v. Bank,* 6 Ohio St. 81; *Negley v. Jeffers,* 28 id. 90; *Watts v. Shewell,* 31 id. 331; *Johnson v. Johnson,* 31 id. 131.

The question in *Mosley v. Arkansas,* 4 Sneed, 324, cited by plaintiff in error, was whether in a negotiable bond a blank amount had been filled with the consent of the surety, which being found in the negative, the bond was held void as materially altered.

In *Sacra v. Hudson,* 59 Tex. 207, the bond was void because there was no obligee named, and the paragraph cited is mere *obiter dictum.* See, also, *Salter v. Helgen,* 40 Wis. 363; *Downing v. Still,* 43 Mo. 317. Finally, it is submitted that if there is any reviewable question shown by the record in this case, (which we deny,) the appeal bond conditioned as the law directs, made by a proper obligor to the proper obligee, filed with and approved by the proper officer, is sufficient to give the district court jurisdiction, even though for a blank amount. In this case, however, the court below permitted the plaintiff to amend his appeal bond by inserting the amount therein and to refile the same.

The opinion of the court was delivered by

VALENTINE, J.: This was originally a condemnation proceeding instituted by the St. Louis, Kansas & Southwestern Railway Company to condemn a right-of-way for its railroad through Harper county. The commissioners, among other awards to landowners through whose lands the right-of-way was to be established, awarded to Joseph Morse $600 as damages to his property, and he attempted to take an appeal from such award to the district court; and the principal question in the case is, whether the district court obtained jurisdiction to hear and determine the case by virtue of the attempted appeal, or from any other source. The district court, on motion to dismiss, held that the appeal was sufficient to give the court jurisdiction. Afterward a trial was had before the court and a jury, and the jury assessed Morse's damages at $2,030.57; and the railroad company, as plaintiff in error, has brought the case to this court.

It is contended on the part of the railroad company that the supposed appeal from the award of the commissioners was wholly insufficient; while on the part of Morse it is claimed that the appeal was sufficient, or at most that no insufficiency is shown by the record brought to this court, and that the railroad company, by making certain appearances in the district court, waived all irregularities in the manner of taking the appeal. An appeal from an award of damages by commissioners in railroad condemnation proceedings is taken to the district court in the same manner as appeals are taken from judgments of justices of the peace to the district court. (Gen. Stat. of 1889, ¶¶ 1395, 1396 ) And an appeal from a judgment of a justice of the peace to the district court is taken under § 121 of the justices' act, which reads, so far as it is necessary to quote it, as follows :

"SEC. 121. The party appealing shall, within 10 days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety,

to be approved by such justice, in a sum not less than $50 in any case, nor less than double the amount of the judgment and costs, conditioned, *first*, that the appellant will prosecute the appeal to effect and without unnecessary delay; and, *second*, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs; said undertaking need not be signed by the appellant."

Nothing more nor less than is required by this section is required to perfect the appeal; and § 122 of the justices' act provides, among other things, as follows:

"SEC. 122. The appeal shall be complete upon the filing and approval of the undertaking, as provided in section 121."

In the present case, an appeal bond was filed with and approved by the county clerk. It was signed by Lew. Sargent, the surety, and was not signed by the principals or by any one else. The binding part of the bond, with the condition, reads as follows:

"*Now, therefore*, Joseph Morse and Lucy A. Morse, as principals, and Lew. Sargent and ————, as sureties, are held and firmly bound unto the St. Louis, Kansas & Southwestern Railroad Company in the sum of $————. Now, if the said Joseph Morse and Lucy A. Morse shall well and truly prosecute their appeal to effect and without any unnecessary delay, and, if judgment be rendered against them, to satisfy such judgment and costs, then this bond to be void; otherwise, to remain in full force and effect."

The first thing appearing in the record of the proceedings of the district court is a motion made by the railroad company, the defendant in that court, to dismiss the appeal, on the grounds that the district court had no jurisdiction; that no amount was stated in the appeal bond, and that the bond was not such as is required by law. This motion was filed on June 5, 1889. The next thing contained in the record reads, omitting title, as follows:

"Now, on this 12th day of April, 1889, the same being one of the days of the regular March, 1889, term of said court for said year, this cause came on for hearing. By agreement of counsel and consent of the court, this cause is continued to the June term, 1889, of said court."

This was indorsed as follows:

"Filed June 18, 1889.   W. R. Rowell, clerk of the district court, by J. P. Horton, deputy."

Afterward, and on October 1, 1889, Morse, who was the plaintiff in the district court, filed a motion for leave to amend the appeal bond by inserting an amount therein, and on the same day, but afterward, the court overruled the motion of the defendant railroad company to dismiss the appeal, and sustained the motion of the plaintiff, Morse, permitting him to insert an amount in the appeal bond, and he, with the consent of his surety, Lew. Sargent, inserted the amount of $300. Afterward, and on October 24, 1889, the case was tried before the court and a jury with the result aforesaid.   In the district court, besides what is shown above, the defendant railroad company made the following appearances: First, it objected to the trial of the case for various reasons, including those set forth in its aforesaid motion to dismiss the appeal, which objection was overruled by the court; second, it introduced evidence on the trial to rebut the plaintiff Morse's evidence; third, it asked for special findings from the jury; and fourth, after the verdict of the jury it moved for a new trial upon various grounds, which motion was overruled by the court.

The objection to the appeal bond is that the obligor, Lew. Sargent, who is and was merely a surety, did not agree to do anything.   He did not agree that he would prosecute the appeal to effect or pay or satisfy the judgment, or any judgment, or that he would pay or satisfy or do anything else, and he did not bind or obligate himself in any amount whatever.   His agreement was, in effect, that Morse should prosecute the appeal and should satisfy any judgment that might be rendered against him, and virtually, that in the event that Morse should not do these things, then he, Sargent, bound himself in *no amount,* and *did not agree to do anything* whatever.   It is a general rule that a surety on a penal bond is never held to be liable for any amount greater than the penalty mentioned in the bond.   And as no one but the surety signed the bond in the present case, and as it mentions no

1. Condemnation proceedings—void appeal bond. amount whatever and is therefore void as to the surety, it must be held to be void absolutely as to all persons; and if the bond is absolutely void, then it must necessarily follow, under our statutes, that the appeal itself is void. (*Lovitt v. W. & W. Rld. Co.,* 26 Kas. 297; *Beckwith v. K. C. & O. Rld. Co.,* 28 id. 484.)   For, as has already been seen, *the appeal bond is the foundation* for the appeal, and the appeal cannot come into existence without it.   Nothing further than the giving of the bond is required by the statutes of. the appellant,.and nothing less; and nothing can be substituted for the bond. (Justices' Act, §§ 121, 122.)   Probably if an appeal bond, when executed and filed, has any validity at all, it would sustain an appeal, so that the bond could be perfected with the leave of the court to which the appeal is taken.   If the bond were sufficient in every respect, except that the amount stated in the bond was insufficient, then the amount might be increased to a sufficient amount, with leave of the appellate court. (*C. K. & W. Rld. Co. v. Town Site Co.,* 42 Kas. 97, 104; *McClelland v. Allison,* 34 id. 155.)   This would certainly be true if the amount mentioned in the bond were as much as $50, the least amount authorized by the statute. (Justices' Act, § 121.)   And it might be true even if any amount, one dollar or less, were mentioned in the bond; for a bond in any amount could hardly be considered as a void bond, and an appeal bond not absolutely void would probably carry the case to the district court, however irregular it might be, and would probably constitute such an appeal as to enable the appellate court to take jurisdiction of the case and to do whatever might be right and proper in the case.

2. Jurisdiction— amendment of bond.

The award of the commissioners in the present case seems to have been made on June 12, 1888, and the foregoing appeal bond, such as it is, was filed with the county clerk on June 18, 1888, and the time for giving a sufficient bond under the statute elapsed on June 22, 1888, 10 days after the award of the commissioners; but no sufficient bond was given within that time, and the amendment of the bond by leave of the

court by inserting the amount of $300 therein was not made until October 1, 1889. But will the appearances on the part of the railroad company dispense with the giving of a good and sufficient bond? The first appearance on the part of the railroad company was not made earlier than April 12, 1889, and perhaps not earlier than June 5, 1889, either of which dates was a long time after the expiration of the 10 days given by statute for filing a bond. These 10 days, as we have seen, expired on June 22, 1888; hence, if these appearances had the effect to give to the court any jurisdiction at all, they must have given to the court original jurisdiction and not appellate jurisdiction; for, as we have before seen, the time for an appeal had expired long before any appearance was made in the district court on the part of the railroad company. A voluntary appearance will of course give a court jurisdiction of the parties, and of the case, in all cases where the court can take original jurisdiction of the subject-matter of the action. (Civil Code, § 67.) But can such an appearance give jurisdiction in a case where the court *can take only appellate jurisdiction,* or jurisdiction *only by virtue of an appeal* from some other court or tribunal? In a case like the present, the court can take jurisdiction by virtue of the statutes only by virtue of an appeal from an award of condemnation commissioners, and *cannot take original jurisdiction.*

In the present case it may also be questioned whether any of the appearances were voluntary. Certainly none of them were, after the overruling of the defendant's motion to dismiss the appeal; but supposing they were, then did the court obtain jurisdiction to hear and determine the case as upon an appeal or otherwise? An action giving to the district court *original jurisdiction* can be commenced only "by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." (Civil Code, § 57.) But no petition or other pleading was ever filed in the present case in any court; and no summons was ever issued. And nothing was done in the district court to get the case into that court except to execute the aforesaid appeal bond and to file

in the district court a record of the condemnation proceedings. Hence it would seem that the district court did not get jurisdiction of the subject-matter of this action either

**3. Appeal, not rendered valid.** by an appeal from the award of the condemnation commissioners or by the filing of pleadings, the making up of issues, or the issuing of a summons. In other words, the district court did not obtain either appellate or original jurisdiction. But as before stated,

**4. Appearance— jurisdiction not given.** the district court cannot obtain *original* jurisdiction in condemnation proceedings, but only appellate jurisdiction. This case is of course unlike a case where a party has done something which will *estop* him from raising the question of a want of jurisdiction in the court to hear and determine the case. If the defendant railroad company, for instance, had taken the chances of a trial in the district court before raising any question of a want of jurisdiction, and had caused or permitted by its silence a large amount of costs to accrue, and after being defeated in the action, had then for the first time raised the question, it might perhaps be held that the defendant would be estopped from then raising the question of a want of jurisdiction in the appellate court to hear and determine the case; but nothing of that kind occurred in the present case. The defendant in this case raised the question of a want of jurisdiction in the district court to hear and determine the case, and gave its reasons therefor before any trial was had, and indeed before any action of any kind or character on the part of the court had been taken, and before any costs had accrued except those which had accrued on account of the filing of the condemnation proceedings, for which the defendant was not responsible. This case is also unlike a case where the obligor on a bond has obtained some benefit from the bond or by reason of the giving of the same, and then seeks to repudiate the bond and to avoid all obligation thereon by claiming that it is invalid. The railroad company in the present case was not the obligor on the bond and obtained no benefit therefrom, and of course

is not estopped because of any such reason from claiming that the bond is void.

The judgment of the court below will be reversed, and the cause remanded with the order that the appeal be dismissed.

All the Justices concurring.