## SPAULDING MFG. CO. v. ROFF *et al.*

No. 2053. Opinion Filed July 18, 1912.

(125 Pac. 727.)

**JUSTICES OF THE PEACE—Appeal to County Court. Appeal Bond.** Where an appeal from a justice of the peace court is pending in the county court, and the bond for appeal is in proper form, runs in the name of the proper parties, correctly describes the court and the judgment appealed from, is filed in time and approved by the justice, and is conditioned as required by statute, except as to the provision "to prosecute without delay," the court should, timely notice being made therefor, allow the mere insufficiency in form to be corrected by the filing of a corrected or new bond, in compliance with section 6394, Comp. Laws 1909.

(Syllabus by Brewer, C.)

Spaulding Mfg. Co. v. Roff et al.

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Action by the Spaulding Manufacturing Company against A. V. Roff, R. E. Calloway, and J. F. Floyd. From a judgment of the county court dismissing an appeal from a justice of the peace, plaintiff brings error. Reversed, with instructions.

*G. T. Ralls,* for plaintiff in error.

*Fooshee & Brunson,* for defendants in error.

Opinion by BREWER, C. This appeal is from the action of the county court in dismissing an appeal therein pending from a justice of the peace. The appeal was dismissed because of irregularities in the appeal bond. The bond, caption omitted, follows:

"Know all men by these presents, that the Spaulding Manufacturing Company as principal and Paul Mayer and A. R. Whitt as sureties are held and firmly bound unto A. V. Roff, R. E. Calloway, and J. F. Floyd in the sum of $50.00, for the payment of which well and truly to be made we do bind ourselves, our heirs, executors and administrators firmly by these presents.

"The condition of the above obligation is such that, whereas, the said Spaulding Manufacturing Company, plaintiff, intends to appeal and has appealed to the county court of Coal county, state of Oklahoma, from a judgment rendered against it in favor of the defendants herein, A. V. Roff, R. E. Calloway, and J. F. Floyd, in the justice court of Coalgate township, Coalgate, Oklahoma, on the 20th day of September, 1909: Now, if the said Spaulding Manufacturing Company shall pay the amount of the judgment and cost appealed from if said appeal be withdrawn or dismissed, or the amount of the judgment and all costs that may be recovered against it in said action in the county court, then this obligation to be void; otherwise to remain in full force and effect.

"Witness our hands this 22d day of September, 1909.

"SPAULDING MANUFACTURING COMPANY,
"By G. T. RALLS, Attorney.
"[Signed] PAUL MAYER.
"A. R. WHITT.

"This appeal bond filed Sept. 22, 1909, and aproved by me this 22d day of September, 1909.

"[Signed] J. M. WILSON,

"Justice of the Peace, Coalgate township, Coal County, Oklahoma.",

Upon motion being made to dismiss, the appellant asked leave to amend the bond or substitute a new one. This request was denied, exceptions saved, and the court, over objections, dismissed the appeal, for the reason "that said appeal bond failed to provide that the plaintiff would prosecute the appeal to effect and without unnecessary delay."

That an appeal bond may be amended or a new one substituted is authorized by statute. Section 6394, Comp. Laws 1909, provides:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a·change or renewal of·such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

We think the court below erred in not permitting the irregularities in the bond to be corrected. It is true the court has a discretion to be exercised in this, as in many other matters, having due regard for the rights of the parties and in furtherance of justice; but the discretion to be exercised is a sound judicial one.

This bond is in the form prescribed by an Oklahoma form book; it is not in strict compliance with the statute, but it is merely *insufficient in form.* Except as to the one phrase, it was in literal compliance. The court, in the interest of justice, ought to have permitted the correction sought. We are fully aware of the holdings of this court and of the territorial Supreme Court that the filing of an appeal bond is jurisdictional. The case of *Vowell v. Taylor,* 8 Okla. 625, 58 Pac. 944, is often cited, but in that case no bond was given; there was nothing to correct or be amended. Also, in the late case of *Washburn v. Delaney,* 30 Okla. 789, 120 Pac. 621, it was held that the court properly refused an amendment or substitution; but that case carefully points out that the bond in the case was a mere nullity. The court in that case, after quoting the statute permitting the correction of such bonds, says:

"But the relief provided for in the latter section cannot be invoked in the case at bar; for it is obvious that the defects in this bond are more than mere informalities as to form or sufficiency as to sureties. The defects go to the very substance of the instrument; and it is of no more value than a blank piece of paper, and, being so, cannot be cured by amendment," etc.

The provision of our statute under discussion was adopted from and is identical with section 131 of the Kansas Justice's Code. In considering this provision, the Kansas Supreme Court, in *C., K. & W. Ry. Co. v. Townsite Co.,* 42 Kan. 100, 21 Pac. 1112, 1113, after quoting the section, say:

"Under this section, it does not make any difference how defective in form or amount, or how insufficient the surety of, the appeal bond may be, it can be changed or renewed, either by the justice, or by the district court, if complaint is made. This seems to be absolutely conclusive on the question of jurisdiction. If the bond is insufficient in form or amount, the party against whom the appeal is taken has the right to have it corrected in these particulars; or the appellant may strengthen his appeal bond to guard against such a motion by the opposite party. In either or any event contemplated by section 131, the district court retains the case, and has the power to hear and determine it, or to dismiss it for noncompliance with an order to file a better bond in form and amount."

That case quotes with approval from *Lovitt v. W. & W. R. Co.,* 26 Kan. 297:

"Doubtless where an appeal bond is simply irregular or defective, under sections 139 and 140 of the Code, and 131 of the justice's act, the appellant should be permitted to supply a new bond in place of the defective bond."

And further, in considering the policy to be pursued, the court say:

"But we are not to be technical in dealing with questions arising out of the sufficiency of appeal bonds, because this court has declared, in the case of *Haas v. Lees,* 18 Kan. 449, that appeals are favored, and mere technical defects or omissions are to be disregarded as far as possible, without obstructing the course of justice.'"

And in the case of *St. L. & S. P. Ry. Co. v. Hurst,* 52 Kan. 612, 35 Pac. 211, Chief Justice Horton, for the court, says:

"Where an appeal bond, filed and approved by a justice of the peace, is insufficient in form or amount, the party appeal-

ing should be given an opportunity by the district court where the appeal is pending to change or renew the bond before the case is dismissed for a defect therein.  *  *  *  The trial court committed error in dismissing the appeal.  Its order and judgment will be reversed.  *  *  * "

The other questions discussed in the briefs, relative to amending plaintiff's petition in the county court, need not be considered, as they are not, at this time, involved here.  Doubtless the trial court will consider and determine them according to their merits, in the interests of the rights of the litigants, when the case is considered again, as will be required.

For the reasons assigned, the cause should be reversed, the order of dismissal set aside, and appellant afforded an opportunity to correct the old or file a new bond.  The case thereafter to be proceeded with according to law.

By the Court: It is so ordered.