## SADLER v. LEACH *et al.*

No. 3819.    Opinion Filed November 10, 1914.

(144 Pac. 452.)

**JUSTICES OF THE PEACE—Appeal Bond—Right to Amend.** Plaintiff filed his suit in replevin in a justice of the peace court to recover possession of certain property and damages. Upon a trial in that court before a jury, judgment was rendered in favor of plaintiff for $83.75, and in favor of defendants for possession of the property and damages in the sum of $40. Plaintiff filed his appeal bond, which was approved by the justice, and the cause was transferred to the county court. In the county court, defendants moved to dismiss the appeal, on the ground that the bond was for less than double the amount of the judgment appealed from. Plaintiff moved to be allowed to amend said bond, and permission to amend was denied, and the court held that it acquired no jurisdiction on appeal, and dismissed the appeal. **Held,** error; the bond, although defective, was sufficient to confer jurisdiction on the county court, and plaintiff should have been permitted to amend.

(Syllabus by the Court.)

*Error from County Court, Roger Mills County;*
*E. E. Tracy, Judge.*

Action by J. A. Sadler against W. W. Leach and another. Judgment for defendants, and plaintiff brings error. Reversed, with direction.

*T. L. Turner,* for plaintiff in error.

RIDDLE, J. Plaintiff in error, plaintiff below, brought this action in a justice of the peace court of Roger Mills county against defendants in error, defendants below, to recover pos-

session of property described in a chattel mortgage, securing a promissory note of $75; said mortgage being given on two certain mules therein described. An order of replevin was issued for said property, upon affidavit duly filed. Thereafter defendants filed their answer, denying generally the allegations of the bill of particulars. They admit the execution of the note, and allege that they tendered payment of same to plaintiff a few days before said note came due, and that plaintiff refused to accept payment of said note, with interest. The cause was thereafter tried to a jury in the justice court, and a verdict rendered in favor of defendants for possession of both mules, and for the sum of $40 damages and for costs, and defendants to pay plaintiff the sum of $83.75 for settlement of note and mortgage sued on. Plaintiff filed his notice of appeal to the county court and filed his bond therefor. The appeal bond was thereafter approved by the justice and the cause transferred to the county court. At the trial of the cause in the county court, defendants moved to dismiss the appeal, for the reason that the bond was not given for double the amount of the judgment, and was insufficient to confer jurisdiction on said court to determine said cause. The court sustained said motion, for the reason:

"That the appeal bond filed in the justice court for appeal in this cause is insufficient to confer jurisdiction on the county court to allow an amended appeal bond to be filed, or to take any other action in the case, except to dismiss same."

Plaintiff prosecutes this appeal from the judgment of the trial court, dismissing said cause.

No brief has been filed on behalf of defendants; and, since the brief of plaintiff tends to sustain the propositions advanced for reversal, we are at liberty, under rule 7 of this court, to reverse the case, without a consideration of the case on its merits. But, since the case must be reversed, we shall consider the errors assigned, in order that they may not arise on retrial. The errors assigned for consideration are: (1) The court erred in sustaining the motion to dismiss the appeal. (2) The court erred in refusing to permit plaintiff to file an amended appeal bond.

The appeal bond filed in this case is not in a sum double the amount of the judgment appealed from; but, notwithstanding this fact, it was sufficient to confer jurisdiction upon the county court to hear and determine the action. Section 5466, Rev. Laws 1910; *C., R. I. & P. Ry. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989; *Spaulding Mfg. Co. v. Roff,* 34 Okla. 309, 125 Pac. 727; *Harper v. Pierce,* 37 Okla. 457, 132 Pac. 667, 44 L. R. A. (N. S.) 1144; *Roberts v. Converse,* 37 Okla. 169, 131 Pac. 539; *Chicago, K. & W. R. Co. v. Abilene Townsite Co.,* 42 Kan. 97, 104, 21 Pac. 1112.

In the case last cited, the statute of Kansas, which is identical with section 5466, Rev. Laws 1910, governing appeals from justice courts, was construed; and the court held that the district court acquired jurisdiction of the subject-matter of the action, even though the bond was not double the amount of the award. The language in this case was quoted and adopted by this court in the case of *C., R. I. & P. Ry. Co. v. Moore, supra,* and there is no reason why the rule there stated should not govern this case. We therefore hold that the appeal bond was sufficient in the case at bar to confer jurisdiction on the county court to entertain the appeal.

The only other defect in the appeal bond is that it is not conditioned as required by section 5466, Rev. Laws 1910, which requires that "the action shall be prosecuted without delay." In the case of *Roberts v. Converse, supra,* wherein the question under consideration was passed upon, in the syllabus the court says:

"Where a bond given on appeal from justice court is correct in every respect, except that the statutory words 'to prosecute without delay' are omitted from the condition, it is error to refuse leave to correct the error by filing a new bond conditioned as required by law."

Plaintiff in error offered to file a new bond in the county court, but the court held it was without jurisdiction to allow plaintiff to file an amended or new bond. It is a well-settled rule of construction that it is the duty of a court to permit an appeal bond to be corrected or amended, as provided in section

6394, Comp. Laws 1909. *C., R. I. & P. Ry. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989; *Spaulding Mfg. Co. v. Roff, supra; Spaulding Mfg. Co. v. Witter,* 34 Okla. 313, 125 Pac. 729.

For the foregoing reasons, the judgment of the trial court must be reversed, with direction to vacate the judgment and proceed in accordance with this opinion.

All the Justices concur.