## FEDERAL DISCOUNT CO. v. CLOWDUS.

No. 5030.   Opinion Filed July 20, 1915.

(150 Pac. 1107.)

1. **APPEAL AND ERROR—Insufficient Bond—Amendment—Dismissal.** Where an appeal bond is attacked because of defects therein, the court should look first to the bond itself, and, if the intention of the parties and the purpose of the bond is manifest from the instrument itself, the court should allow an amendment, by rejecting insensible words, and supplying accidental omissions, so as to give effect to the manifest intention of the instrument, and should dismiss the appeal only when such defects render the bond so vague that its intention and purpose cannot be gathered from the instrument itself.

2. **JUSTICES OF THE PEACE—Appeal—Defective Bond—Amendment.** Where the plaintiff in an action appeals from the justice court to the county court, and gives a bond which recites that the undersigned, as principal and sureties, bind themselves "to the plaintiff," instead of the defendant, **held,** that such mistake, on motion, should be amended by order of the county court.

(Syllabus by Brett, C.)

*Error from County Court, Carter County;*

*W. F. Freeman, Judge.*

Action by the Federal Discount Company against W. F. Clowdus. Judgment for defendant, and plaintiff brings error. Reversed.

*E. D. Slough*, for plaintiff in error.

*J. C. Thompson*, for defendant in error.

Opinion by BRETT, C.   Plaintiff in error, as plaintiff below, commenced this action in the justice court of Ardmore township, Carter county, against the defendant in error, as defendant below, to recover on an indebtedness alleged to be due plaintiff from defendant.   The trial in the justice court resulted in a judgment in favor of the defendant, and from that judgment the plaintiff appealed to the county court of Carter county.   The appeal bond given is the following:

"Before D. N. Ferguson, justice of the peace, Ardmore township, Carter county, Oklahoma.

"Federal Discount Company, plaintiff, v. W. F. Clowdus, defendant; appeal bond.

"Whereas, the plaintiff, Federal Discount Company, intends to appeal to the county court from a judgment rendered against it in favor of the defendant, W. F. Clowdus, on the twenty-first day of November, 1910, before the above-named justice of the peace of Ardmore township in said county:   Now, the undersigned as principal, and P. C. Dings as sureties, bind themselves to the plaintiff in the sum of $50.00, conditioned that the said plaintiff shall prosecute its appeal to effect, and without unnecessary delay, and if judgment be rendered against it on appeal, shall satisfy such judgment and costs.

"Dated this the twenty-fifth day of November, 1910.

"FEDERAL DISCOUNT COMPANY,
          "By E. D. SLOUGH, P. C. DINGS.
                    "(*Surety.*)"

The plaintiff asked leave to correct the bond.   The defendant moved to dismiss the appeal, on the ground that the bond was fatally defective, and gave the county

court no jurisdiction. The defect complained of in the bond, and relied on for the dismissal, is found in the obligating clause, which is as follows:

"Now the undersigned, as principal, and P. C. Dings, as sureties bind themselves to the plaintiff in the sum of fifty dollars ($50.00), conditioned that the said plaintiff shall prosecute its appeal to effect, and without unnecessary delay," **etc.**

—the defect being that the obligation in that clause is made "to the plaintiff," instead of to the defendant. Both motions were heard; the plaintiff was allowed to amend by filing a corrected, or new bond. During the pendency of the cause, and before it came on for trial, there was a change of county judges. The defendant then renewed his motion to dismiss the appeal, because the bond gave the county court no jurisdiction. The motion to dismiss was sustained, and the appeal dismissed, and from this judgment and order the plaintiff appeals to this court.

The only question presented by the appeal is whether or not the bond is so defective that it is not in fact a bond, and therefore did not confer jurisdiction upon the county court; or whether the defect was such as could be corrected by amendment.

In determining this question, we must look, first, to the bond itself. And, if the intention of the parties and the purpose of the bond are manifest from the instrument itself, then the court should reject insensible words, and supply accidental omissions, so as to give effect to the manifest intention and purpose of the instrument. But, if the bond is so vague that its intention and purpose cannot be gathered from the instrument itself, it would then be a mere nullity; for no one could know

what to supply, or what amendment to allow, in order to give effect to its intention and purpose. This, we think, is the real test of the rights of the parties under such circumstances. And, tested by this rule, we think the amendment was properly allowed in the first instance, and that it was error to dismiss the appeal in the last instance, for the intention of the parties was manifest from the instrument itself; and there could be no mistake as to the purpose of the bond, or for whose benefit it was given, and the mistake was such that it could be corrected, and the plaintiff should have been allowed to correct it, so as to give effect to the manifest intention of the instrument.

This is in harmony with both the letter and spirit of our statute. Section 5473, Rev. Laws, 1910, provides:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

See, also, *United States Fidelity & Guaranty Co. v. Hansen,* 36 Okla. 459, 129 Pac. 60, Ann. Cas. 1915A, 402; *Spaulding Manufacturing Co. v. Roff et al.,* 34 Okla. 309, 125 Pac. 727; *Ryndak et al. v. Seawell,* 23 Okla. 759, 102 Pac. 125; *Kirtley v. Tuthill,* 9 Kan. App. 452, 60 Pac. 662; *County of Bay v. Brock et al.,* 44 Mich. 45, 6 N. W. 101; *Lorenzo Richmond v. Harvey H. Woodard,* 32 Vt. 833.

*United States Fidelity & Guaranty Co. v. Hansen, supra,* is a case very much in point, involving the same

principle presented by the case at bar, and the court says:

"The failure to formally designate the obligee did not vitiate the bond. The recitals in the conditions made it clear for whose benefit the bond was given. The law provided that the bond must be given to the minor, and, when the bond clearly showed that it was given to secure the faithful performance by R. S. Steele of his duties as guardian of Rosa Little Crow, the surety could not escape liability because the minor's name was not written in the first blank left for that purpose.

"As said by the Supreme Court of New Hampshire in *Judge v. Ordway*, 23 N. H. 198: 'We notice the kind of bond the law authorizes the judge to receive and requires him to exact. Thus we know what the parties must have intended, much better than by any rules of construction; and we are bound to give the language used such construction as will give effect to the intention of the law, and of the court, and of the parties concerned, if it can be done consistently with the language used, however unskillfully the instrument may have been drawn, and though some of the expressions used might even be understood to import a different meaning, if they were to be construed merely by the ordinary rules of interpretation, and without that same light which the statute affords us as to the intention of the parties and of the probate court.' "

And in *Ryndak v. Seawell, supra,* the court quotes with approval the following from *Rose v. Winn,* 51 Tex. 545:

"In regard to ordinary bonds, when the intention is manifest from the instrument itself, the court will transpose or reject insensible words and supply an accidental omission in order to give effect to that intention."

Many other citations and quotations might be given to substantiate this position; but we think it is so mani-

festly correct and just that it cannot be seriously questioned. We think the judgment and order dismissing the appeal should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.