## WILKEN et al. v. GEVERS.

No. 5544.    Opinion Filed November 9, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1175.)

**JUSTICES OF THE PEACE—Appeal Bond—Amendment.** Where a bond, given in an appeal taken from a judgment rendered by a justice of the peace court, is insufficient as to surety, or such undertaking is insufficient in form or amount, it is the duty of the appellate court, upon timely motion of the appellant, to permit such undertaking to be amended or the appellant given an opportunity to execute a legal appeal bond.

(Syllabus by Collier, C.)

*Error from County Court, Comanche County;*
*H. N. Whalin, Judge.*

Action by Peter Gevers against Albert Wilken and another.  Judgment for plaintiff in the county court on appeal from a justice's judgment, and defendants bring error.  Reversed and remanded, with directions.

*Charles C. Black,* for plaintiffs in error.

*J. E. Michaelson,* for defendant in error.

Opinion by COLLIER, C. This action was commenced in a justice court of Comanche county on the 15th day of January, 1912, and resulted in a judgment in favor of defendant in error, hereinafter called plaintiff, against plaintiffs in error, hereinafter styled defendants. From said judgment defendants appealed to the county court of said county, and executed an appeal bond in the usual form, except that it ran to the district court, instead of to the county court. Said bond was filed in the justice court within the time prescribed by section 6387, Comp. Laws 1909 (section 5466, Rev. Laws 1910). A transcript of the proceedings in said cause in the justice court, together with the bond given for the appeal, was filed in said county court; and on the 19th day of February, 1913, plaintiff moved to dismiss the appeal, upon the ground—

"that the said county court had no jurisdiction over the case, because the defendants have failed to give an appeal bond as required by law."

The only ground of attack upon the legality of said bond is that the bond reads that the appeal is taken to the "district court," instead of to the "county court." Pending said motion to dismiss said appeal, defendants moved the court "for leave to amend the appeal bond, heretofore filed herein, by striking out the word 'district court,' where they appear in the printed part of said bond, and inserting in lieu thereof the words 'county court'," which motion was overruled and the ruling of the court excepted to. Thereupon defendants moved the court "for leave to file an appeal bond, in lieu of the one heretofore filed herein," which motion was overruled, to which ruling defendants duly excepted. The motion to dismiss said appeal was sustained, and the appeal dis-

missed, to which action of the court defendants duly excepted. To reverse the order dismissing said appeal, this appeal is prosecuted.

Section 6394, Comp. Laws. 1909, provides:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

In *Chicago, R. I. & P. Ry. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989, it is held:

"An undertaking, on appeal from a justice of the peace, which is defective because not in a sum double the amount of the judgment and costs, and where the name of the surety is omitted from the body of the bond, though signed, and where the surety does not qualify, but which is otherwise sufficient, is an insufficiency both in form and amount, and may, on proper and timely motion being filed, be corrected by a change or renewal of such undertaking as the court may direct."

An examination of section 6387, Comp. Laws 1909, shows it was not necessary to name in the appeal bond the court to which the appeal was taken, there being at the time but one court, the county court (sections 6386, 6387, Comp. Laws 1909), having jurisdiction of appeals from judgments rendered by justice of the peace courts; and the words "district court," inserted in the bond, were mere surplusage, and if the words "district court" were stricken out of said bond, it would not affect the legality of the bond. *C., R. I. & P. R. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989; *Roberts v. Converse et al.,* 37 Okla. 169, 131 Pac. 539; *Harper v. Pierce,* 37 Okla. 457, 132

Pac. 667, 44 L. R. A. (N. S.) 1144; *Churchman v. Payte,* 37 Okla. 649, 133 Pac. 178; *Spaulding Mfg. Co. v. Roff et al.,* 34 Okla. 309, 125 Pac. 727; *Federal Discount Co. v. Clowdus,* 50 Okla. 154, 150 Pac. 1104. An appeal bond may be amended, or a new one substituted, as authorized by section 6394, Comp. Laws 1909 (section 5473, Rev. Laws 1910); *Spaulding Mfg. Co. v. Roff et al., supra.* In *Spaulding Mfg. Co. v. Roff et al., supra,* Brewer, C., speaking for the court, says:

"We are fully aware of the holdings of this court and of the Territorial Supreme Court that the filing of an appeal bond is jurisdictional. The case of *Vowell v. Taylor,* 8 Okla. 625, 58 Pac. 944, is often cited, but in that case no bond was given; there was nothing to correct or be amended. Also, in the late case of *Washburn v. Delaney,* 30 Okla. 789, 120 Pac. 621, it was held that the court properly refused an amendment or substitution; but that case carefully points out that the bond in the case was a mere nullity"

—and quotes with approval from the case of *Lovitt v. W. & W. R. Co.,* 26 Kan. 297, as follows:

"But we are not to be technical in dealing with questions arising out of the sufficiency of appeal bonds, because this court has declared, in the case of *Haas v. Lees,* 18 Kan. 449, that appeals are favored, and mere technical defects or omissions are to be disregarded as far as possible, without obstructing the course of justice."

The only authority cited and relied upon by plaintiff in his brief to support an affirmance of the action of the trial court in dismissing said appeal is the case of *Washburn v. Delaney,* 30 Okla. 789, 120 Pac. 620, which is not in point; for, in that case, the bond sought to be amended was a mere nullity; it did not contain the name of the

obligee; was not made payable to the adverse party; did not name, describe, or otherwise identify the judgment sought to be appealed from, by giving the amount thereof, or the name of the court in which the purported judgment was rendered.

The judgment of the trial court should be reversed and remanded, with instructions to set aside the order dismissing said appeal, and to allow defendants to amend the appeal bond as moved, or defendants be given an opportunity to execute and file a legal appeal bond.

By the Court: It is so ordered.