## MAGERUS et al. v. DOSS.

No. 29499.　April 9, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 804.*

P. C. Lackey, of Blanchard, for plaintiffs in error.

Roger L. Stephens and Ted Foster, both of Oklahoma City, for defendant in error.

DANNER, J.　The defendant in error recovered judgment for possession of real estate in a court of justice of the peace in her action against the plaintiffs in error in forcible entry and detainer. The district court, on appeal, sustained the plaintiff's motion to dismiss the appeal for the reason that the appeal bond was not filed with the justice of the peace within the time provided for by law. The correctness of the order of dismissal is the issue here.

Judgment was entered in the justice court on February 14, 1939. On the 23rd day of the same month the defendants filed what was purported to be an appeal bond. Insufficiency of the form of the bond was recognized by the justice of the peace, on objections by the plaintiff, and an amended bond was filed and approved on March 9, 1939. In the trial court the parties stipulated to the following additional facts:

"This cause coming on to be heard upon the motion of plaintiff to dismiss the appeal from justice court in this action: *It is hereby stipulated and agreed by and between the parties hereto:*

"That the words 'In Forcible Enter (sic) & Detainer' written at the top margin of a certain purported appeal bond filed with the justice of the peace in this action on February 24th, 1939, and the words 'In action Forcible Detainer, To pay twice the amount of rental value of Land & all court costs' written in the body of said bond in ink, and the words 'Class Entry & Detainer' written in the body of said bond in ink, and the words 'In Forcible Detainer' written in the body of said bond in ink, were all written in said bond by the justice of the peace, after the principals and sureties on said bond had signed and acknowledged the same, and in the absence of said principals and sureties.

"That the said sureties had been informed by counsel for the defendants at the time they signed and acknowledged said bond that the bond was to be filed in an action in forcible entry and detention as an appeal bond and that they were binding themselves in the terms set out in the statutes of Oklahoma relating to bonds in forcible entry and detainer actions on appeal, and that thereupon said counsel read to said sureties the section of the statutes relating to such bonds, same being: Sec. 1021, O. S. '31. And that thereupon the said sureties consented with said counsel that such conditions might be incorporated in said bond.

"It is agreed that this instrument be made a part of the record in this action."

In the present case both the defective and amended appeal bonds filed by the defendants in the court of the justice of the peace were included in the transcript filed in the district court. There, the defendants asked permission to amend the appeal bond. The request was denied and plaintiff's motion to dismiss the appeal was sustained. We think the court erred in dismissing the appeal. The defective appeal bond having been filed within the 10-day period provided in section 1019, O. S. 1931, 39 Okla. St. Ann. § 242, the trial court, under section 1020, O. S. 1931, 39 Okla. St. Ann. §249, should have authorized the defendant to amend the bond or to execute a legal appeal bond. Wilken et al. v. Gevers, 54 Okla. 489, 153 P. 1175; Sadler v. Leach et al., 43 Okla. 695, 144 P. 352; Chicago, R. I. & P. Ry. Co. v. Moore, 34 Okla. 199, 124 P. 989; Roberts et al. v. Converse, 44 Okla. 552, 145 P. 774; M. J. Spaulding Implement Co. v. Goforth, 54 Okla. 705, 154 P. 649; Federal Discount Co. v. Clowdus, 50 Okla. 154, 150 P. 1107; Blumfeld v. Bess, 128 Okla. 41, 260 P. 1059; 3 C. J. 1185; 4 C. J. S. 1030.

The judgment is reversed and remanded, with directions to the trial court to proceed in accordance with the views expressed herein.

BAYLESS, C. J., and RILEY, HURST, and DAVISON, JJ., concur.