## GRAOKLA GAS CO. v. CHATHAM.

No. 30103. Nov. 4, 1941.

Rehearing Denied Dec. 16, 1941.

*119 P. 2d 848.*

Sigler & Jackson, of Ardmore, and Thos. H. Vick, of Healdton, for plaintiff in error.

Robert E. Owens, of Duncan, for defendant in error.

CORN, V. C. J. Plaintiff filed suit in the justice of the peace court, and upon trial in said court obtained judgment against the defendant in the sum of $75. Thereafter the defendant sought to appeal to the district court from this judgment, and by agreement of plaintiff's attorney, and in lieu of the statutory appeal bond, the defendant deposited a cashier's check in the amount of $100 with the justice of the peace as an appeal bond.

Thereupon the justice of the peace forwarded the papers to the district court and the matter was heard on January 25, 1940, at which time the district court, having heard all the evidence on plaintiff's behalf, sustained a demurrer thereto and entered judgment for defendant.

January 26, 1940, the plaintiff, represented by additional attorneys who had not previously participated in the trial of this case, either in the justice court or the district court, filed and presented a motion to set aside the judgment of the court and to dismiss the appeal for the reason that no proper appeal bond had been filed by defendant.

The district court held that the cashier's check which was put up with the justice of the peace in lieu of an appeal bond was not a sufficient appeal bond, and that it was not capable of being amended, and denied defendant's request for leave to file an amended appeal bond.

The district court was also of the further opinion that this cashier's check was not sufficient to give the court jurisdiction of the appeal, and also that the fact that plaintiff went to trial on the merits was not sufficient to give the court jurisdiction.

Four propositions are urged by defendant as grounds for reversal of the district court's judgment. However, for the purposes of this appeal, we deem it necessary to consider only the question whether the cashier's check, given at the time of the appeal from the justice of the peace court, was a sufficient compliance with the statute to confer jurisdiction upon the trial court.

The applicable sections of our statutes relating to appeals from judgments rendered in the justice of the peace courts are: Section 1018, O. S. 1931, 39 O.S.A. § 241, providing for appeals to the county, superior, or district courts, the party appealing being called upon to advise the justice of the court to which the appeal is being taken. Section 1019, O. S. 1931, 39 O.S.A. § 242, which provides that the appeal shall be taken within ten days from date of rendition of the judgment, the appealing party to enter into an undertaking to the adverse party, with at least one good and sufficient

surety, conditioned upon certain factors therein set forth. Section 1020, O. S. 1931, 39 O.S.A. § 249, which provides that when, in proceedings on appeal, the undertaking is insufficient, or insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, directing that the same shall be certified to the justice from whose judgment the appeal was taken.

The purposes of an appeal bond are held to be: (1) to protect the one in whose favor a judgment is rendered, by assuring performance of such judgment; (2) protection of the courts in collection of their costs; (3) prevention of frivolous appeals and vexatious litigation.

The transcript in the matter now before this court shows that the cashier's check in question was given and accepted as a bond, and as such was forwarded to the district court with the papers evidencing the entire proceedings, as is required to perfect an appeal from a judgment rendered in the justice of the peace court.

It is an established principle that an appeal bond is jurisdictional and cannot be waived by the parties, in the absence of a statutory provision, the bond being required, not only to protect the rights of the appellee, but also on the grounds of public policy and for other reasons. See Price v. Price, 73 Okla. 178, 175 P. 343.

However, it is equally well established, under the earlier pronouncements of this court, that when a bond is insufficient but the defects are capable of being cured, opportunity is to be given to the maker of the bond to cure the defects therein, or to give a new bond, before the appeal is dismissed. See Chicago, R. I. & P. Ry. Co. v. Moore, 34 Okla. 199, 124 P. 989; Spaulding Implement Co. v. Goforth, 54 Okla. 705, 154 P. 649; Wilken v. Gevers, 54 Okla. 489, 153 P. 1175; Magerus et al. v. Doss, 187 Okla. 123, 101 P. 2d 804.

In Federal Discount Co. v. Clowdus, 50 Okla. 154, 150 P. 1104, it was held that where a bond is attacked because of defects therein, the court should first look to the bond, and if the intent of the parties and the purpose of the bond is manifested from the instrument itself, the court should allow an amendment by rejecting insensible words and supplying accidental omissions, in order to give effect to the manifest intention of the instrument, and should dismiss the appeal only where the bond is so vague the intention and purpose cannot be gathered from the instrument. In this connection see, also, Magerus et al. v. Doss, supra; 4 C.J.S. § 567, p. 1030 et seq., and 3 Am. Jur. § 510, p. 183 et seq.

We hold that the statutes relative to the giving of an appeal bond were sufficiently complied with; and, although the bond given was defective, it was offered and accepted as a bond, and was sufficient to vest jurisdiction in the district court in compliance with that portion of the statutes requiring that a bond be given in order that appeal may be taken; the trial court, therefore, was vested with jurisdiction to hear the matter, and under the decision in the early case of Chicago, R. I. & P. Ry. Co. v. Moore, supra, it was then the trial court's duty, on motion of the defendant, to permit an amendment of the appeal bond in order to cure the defect, or to renew the bond, before ordering a dismissal of the appeal.

The case is accordingly reversed and remanded, with directions to set aside the order of dismissal, and to proceed in accordance with the views herein expressed.

WELCH, C. J., and BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., concur in conclusion. RILEY, J., absent.