## J. A. DOWELL v. W. J. CARUTHERS.

JUSTICE OF THE PEACE; *Appeal Properly Dismissed.* A judgment was rendered by a justice of the peace in favor of the plaintiff; no attempt was made to appeal the case to the district court within the time prescribed by law; but on the eleventh day after the judgment was rendered by the justice of the peace, the defendant filed an undertaking with the justice, for the purpose of taking an appeal, and all the papers in the case were afterward filed in the district court, and the case was placed on the trial docket of that court for the next term. At the next term both parties appeared, and the plaintiff filed a præcipe for witnesses, and the defendant procured a continuance. At the second term of the district court both parties again appeared, and the plaintiff moved the court to dismiss the defendant's supposed appeal, on the ground that it had not been taken in time, and the court sustained the motion, taxing such costs against the defendant as were made by him, and no others. *Held,* That the district court did not err in dismissing said appeal; that the appeal was void because not taken in time; and that the voluntary appearance of the plaintiff, and his failure to move sooner to dismiss the appeal, did not necessarily, and against his will, make the appeal good, thereby ousting the justice of the peace of his jurisdiction of the case, and conferring the exclusive jurisdiction thereof upon the district court.

*Error from Brown District Court.*

AT the February Term, 1879, of the district court, an order was made in favor of plaintiff *Caruthers*, dismissing the appeal of defendant *Dowell* from a certain judgment rendered by a justice of the peace. *Dowell* brings the case here. The opinion states the facts.

*Webb & Martin*, and *W. J. Richardson*, for plaintiff in error.

*Lacock & May*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: In this case a judgment was rendered by a justice of the peace in favor of W. J. Caruthers, who was plaintiff in that court, and against J. A. Dowell, who was defendant, for the sum of $77 and costs. No attempt was made to appeal the case to the district court until after the tenth day (allowed by law for the taking of appeals) had expired; but on the eleventh day after the judgment was rendered, the defendant filed an undertaking with the justice, for the purpose of taking an appeal. All the papers in the case were afterward filed in the district court, and the case was placed on the trial docket of that court for the next term, which was to be held in September, 1878. On September 20, 1878, the plaintiff, by his attorneys, Killey & May, filed a præcipe for witnesses in the case, and these witnesses were subpenaed upon a subpena issued on such præcipe. Afterward the case was continued on affidavit of the defendant, *"the plaintiff appearing by his attorneys."* The entry of the continuance on the trial docket is as follows: "Cont'd on application of defendant and at deft.'s costs for the term, for which let ex. issue." No motion was made to dismiss the appeal at this term, nor until the February term held in 1879. On February 8, 1879, the plaintiff filed a præcipe for witnesses, who attended at that term. On the trial docket of that term the following entry was made: "Jury waived by

agreement, and the case when tried to be by the court, without a jury." After this entry was made the plaintiff moved to dismiss the defendant's appeal, upon the ground that the appeal bond was not executed or filed within ten days after the judgment was rendered, as required by law, and the court below sustained the motion, and ordered that the appeal be dismissed; taxing only such costs, however, against the defendant as were made by the defendant. The defendant — now as plaintiff in error — brings the case to this court for review.

The defendant in error, plaintiff below, now moves to dismiss the case from this court, upon the ground that the plaintiff's bill of exceptions made and allowed in the district court and brought to this court is only a skeleton bill of exceptions, and that it does not contain all the matters and things which have since been inserted therein. To sustain his motion, the defendant in error files a certified copy of the original bill of exceptions, which shows that the original bill of exceptions is in fact just what the defendant in error claims that it is; and he also files an affidavit of the clerk of the district court, showing that the words "the plaintiff appearing by his attorneys," above quoted and italicised, were not in the original bill of exceptions, but were written therein a long time after the same was allowed and signed by the judge of the district court, and not in his presence, and after the court had adjourned.

With the views that we entertain of this case, we do not think that it is necessary to decide this motion; and therefore we shall decide the case upon its merits.

We suppose that docket entries may be considered as records until the same are extended on the journals. (1 Gr. Ev., § 508, note 3; Wharton's Cr. Ev., §§ 604, 605, and notes; 2 Wharton's Ev., §§ 825, 826, and notes.) And we think that even the skeleton bill of exceptions shows that the plaintiff made a voluntary appearance in the district court. We also suppose that even the plaintiff in error will admit that his appeal is void, unless the defendant in error made it valid by such voluntary appearance; for such is undoubtedly the law.

The only question, then, for us to consider is, whether the voluntary appearance of the defendant in error, plaintiff below, in the district court, rendered the appeal of the plaintiff in error, defendant below, valid. No rules with respect to appeals which are merely irregular but not void, can have any application to this case. An irregular appeal might be rendered good by a voluntary appearance; and if the appellee does not move to dismiss the appeal within a reasonable time, where the appeal is merely irregular, he will waive all right to make such a motion afterward; but that is not this case. In this case the appeal was not merely irregular, but it was absolutely void. In Michigan it was held in the case of *Moore v. Ellis*, 18 Mich. 77, that —

"Where a party against whom a decree was made in chancery undertook to appeal therefrom, but failed to perfect his appeal within the time limited by law, it was held that no *laches* of the opposite party in moving to dismiss could preclude his right to have the case dismissed on that ground."

The court in that case held that the filing of a bond is a jurisdictional act, and that if no bond is filed, no jurisdiction is conferred upon the appellate court. This, we think, is generally true. Of course there are exceptions to this rule. If the plaintiff in this case had gone to trial without making any motion to dismiss the appeal, and had taken the chances of a finding or verdict in his favor, we do not think that he could then have moved to dismiss the appeal; and he might also by other acts have waived his right to make any such motion; but we do not think that he waived his right to make the motion, or that he estopped himself from making the motion, by merely making a voluntary appearance in the court. By making a voluntary appearance in the court he simply surrendered to the court jurisdiction of his person, so that the court might have made any order or rendered any judgment with reference to him which would be right under all the circumstances for the court to make or render. In all such cases, before the appellee makes an appearance in the appellate court the case is still in the justice's court, and the justice has ju-

risdiction thereof, and the case is not in the district court, and the district court has no jurisdiction thereof. Now by a simple appearance of the appellee in the district court, it is hardly possible that he should bring the case, against his own will and intention, from the justice's court into the district court, ousting the justice of his jurisdiction, and giving the district court exclusive jurisdiction thereof. Undoubtedly there are cases, even where the appeal is void, where the acts of the appellee would give the appellate court jurisdiction in its discretion to hear and determine the case; but we do not think that this is one of such cases; but even if it is, the court below refused to hear and determine the case, dismissed the appeal, and thereby exercised its discretion against the appellant, and not in his favor; and we cannot say that the court below abused its discretion in so doing. We think the court below decided correctly.

Not being able to say that the court below committed any error in dismissing the appellant's appeal, the judgment of the court below will be affirmed.

All the Justices concurring.