FERDINAND WESTHEIMER AND SONS v. J. S. HAHN.

(Filed September 3, 1904.)

ATTACHMENT—No Appeal, When. No appeal will lie to the district court from an order of the probate court discharging an attachment.

(Syllabus by the Court.)

*Error from the District Court of Blaine County; before James K. Beauchamp, Trial Judge.*

*Payne & Bennett,* for plaintiffs in error.

No appearance for defendant in error..

Opinion of the court by

PANCOAST, J.: This action was commenced on March 6, 1903, in the probate court of Blaine county, by the plaintiffs in error against the defendant in error, to recover the sum of $151.74 and interest. At the time of the commencement of the action an affidavit and undertaking in attachment were filed, and attachment levied upon certain personal property. Afterwards, on May 22, on motion of the defendant, the attachment was dissolved. On May 29, a judgment was rendered in favor of the plaintiff for the full amount of the claim and interest. On June 1st, plaintiffs filed their appeal bond, which was approved by the probate court, and the cause transmitted to the district court on appeal. On October 26th, the defendant filed his motion in the district court to dismiss the appeal. The court sustained the motion and dismissed the appeal, from which judgment of dismissal the plaintiffs in error appeal to this court.

Four assignments of error are discussed in the briefs. There is, however, but one question for this court to determine, viz: Will an appeal lie to the district court from an order of the probate court discharging an attachment?

The statute providing for appeals from the probate court to the district court provides for appeals from final judgments only. It does not provide for appeals from orders which are not final, nor from orders made in any provisional remedy, or in any ancillary proceeding. These are interlocutory orders, and are not generally considered final, and usually can be reviewed only on proceedings of error after final judgment, or in connection with the final judgment. There is a provision, however, in the statute, providing for the review by the supreme court of the action of the district court in discharging an attachment, even before final judgment rendered. This provision is also applicable to the probate court when exercising district court jurisdiction. It is not necessary, however, to discuss this provision in this case.

It has been held by this court that the district court on appeal on questions of fact takes appellate jurisdiction only. Now, if an appeal will lie to the district court from an order discharging an attachment, then the district court erred in dismissing the appeal for want of jurisdiction; but if no appeal lies to the district court from an order of the probate court discharging an attachment, then of course the district court was correct in its rulings in dismissing the appeal for want of jurisdiction. A case in point may not be readily found where an appeal of this character has been taken from the probate court, inasmuch as our statute with reference to the civil jurisdiction of probate courts is an original one, not copied from any other state. However, the section pro-

viding for appeals has reference to final judgments only, and the jurisdiction of the district court is confined to cases of appeals from final judgments. There being no provision for appeals from interlocutory orders such as the dissolving of an attachment, it follows that no appeal will lie.

If one who feels aggrieved at such an order wishes the same reviewed, there is ample provision by proceedings in error to the supreme court.

The supreme court of Kansas has repeatedly had this question before it in actions originating in the justice court, where the statute of that state provides, as in this Territory, for appeals from final judgments only, no provision being made for appeals from interlocutory orders. That court, in the case of *Butcher v. Taylor, Wilson and Company,* 18 Kan. 558, has held that an order of a justice of the peace dissolving an attachment was not a final judgment within the meaning of the section providing for appeals from final judgments, and that no appeal would lie from such order. Again, in the case of *Roll et al. v. Murray,* 10 Pac. 472, (35 Kan.), in a case where a judgment was rendered against the plaintiff and the attachment dissolved, the plaintiff appealing from both the main judgment and the order dissolving the attachment, the court held that it was not error for the district court to dismiss that portion of the proceedings which related to the attachment for the reason that an order of a justice of the peace discharging an attachment is not appealable.

In *Bogert v. Adams,* 39 Pac. 351, the appellate court of Colorado held, in a case where the final judgment was in favor of the plaintiff but the attachment dissolved, that there

was no appeal, the statute providing for appeals from final judgments only.

The judgment in this case rendered in the probate court was in favor of the plaintiffs for the entire amount of the claim sued for. There was, therefore, no judgment adverse to the plaintiffs from which they could appeal, and there being no provision for appeals to the district court from an order of the probate court dissolving the attachment, it follows that the district court had no jurisdiction, and the case was properly dismissed on motion.

The judgment of the district court is therefore affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.