## WASHBURN v. DELANEY.

No. 1333.   Opinion Filed December 12, 1911.

Rehearing Denied January 23, 1912.

(120 Pac. 620.)

1. **JUSTICES OF THE PEACE—Appeal Bond.** A paper, purporting to be an appeal bond, filed in a justice of the peace court, which does not contain the name of the obligee, and is not made payable to the "adverse party," and does not name, describe, or otherwise identify the judgment sought to be appealed from, by giving the amount thereof, or any amount, or the name of the court in which the purported judgment was rendered, or the name of the court to which the appeal is taken, and which purports to bind the obligors to pay any judgment and costs that may be rendered against appellants in the district court, but does not bind obligors to pay any judgment or costs in the county court, and is not conditioned that appellant will prosecute his appeal to effect, and without unnecessary delay, is fatally defective as an appeal bond, and the county court obtained no jurisdiction of the cause by virtue thereof.

2. **SAME—Appeal—Procedure.** The right of an appeal from a justice court to the county court, being a purely statutory proceeding, must, to be enjoyed, be strictly followed and secured according to the provisions of the statute that gives the right.

3. **SAME—Appeal—Failure to File Bond—Jurisdiction.** Where the original papers in a case tried before a justice of the peace reach the county court without an appeal bond, that court acquires

no jurisdiction of the cause, even though the parties thereto appear and plead to the merits, notwithstanding the county court had original jurisdiction of the subject-matter.

4. SAME—Appeal—Jurisdiction of County Court. Before the county court can hear and determine a cause appealed from a justice of the peace, its appellate jurisdiction must be perfected by a strict compliance with the requirement of the statute regulating such appeals.

5. SAME—Appeal—Insufficient Appeal Bond. The justice court does not lose jurisdiction of a case, when the appeal bond given, whereby the case is sought to be appealed to an' appellate court, is a nullity.

6. SAME—Appeal—Sufficiency of Bond—Duty of Appellant. It is the duty of a party desiring to appeal to see to it that the appeal bond is sufficient in law, and he will not be heard to complain thereafter, if such bond is defective, nor will the negligence or carelessness of the justice in approving a fatally defective bond excuse the appellant from the performance of such duty.

7. SAME—Appeal—Notice. No notice of appeal is required to be given in appeals from judgments of justices of the peace.

8. SAME—Appeal—Waiver of Bond. The appeal bond required by sec. 6387, Comp. Laws 1909, is jurisdictional, and cannot, in the absence of statutory provision, be waived by the parties. Such bond is required, not only to protect the rights of the appellee, but also on the ground of public policy and for other reasons.

9. COURTS—Appeal and Error—Discretion of Court—Review. All courts have the inherent power to inquire into their own jurisdiction, and, in the absence of a showing that the exercise of such discretion thus vested has been abused, the same will not be disturbed on review in this court.

(Syllabus by Robertson, C.)

*Error from Oklahoma County Court; Sam Hooker, Judge.*

Action by J. C. Washburn against Ed. J. Delaney to review a judgment dismissing an appeal from a justice. Judgment for defendant, and plaintiff brings error. Affirmed.

*S. A. Horton,* for plaintiff in error.

*Claude Weaver* and *Pruiett, Taylor & Sniggs,* for defendant in error.

Opinion by ROBERTSON, C. Delaney obtained a judgment against Washburn in the justice court of Oklahoma county for $200 as commission on the sale of real estate. Washburn

sought to appeal. The transcript of the justice of the peace was filed in the county court, together with what purported to be an appeal bond, which is in words and figures following:

"APPEAL BOND.

"State of Oklahoma, Oklahoma County—ss.:

"Know all men by these presents: That J. C. Washburn, as principal, and C. B. Cooke and Henry M. Scales, as sureties, are held and firmly bound unto ———— in the sum of four hundred dollars, for the payment of which well and truly to be made we bind ourselves, our heirs, executors, and administrators firmly by these presents: The conditions of the above obligation is such, that whereas the defendant, J. C. Washburn, intends to appeal to the county within and for said county from a judgment rendered against him in favor of Ed. J. Delaney in the justice court of said county Oklahoma on the 10th day of Feb., 1909, at Oklahoma City, in said county. Now if the said J. C. Washburn appellant shall pay the amount of the said judgment appealed from, including all costs, if the said appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against ———— in said action in the district court, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals this 10th day of Feb., 1909.

"J. C. WASHBURN.　[Seal.]

"C. B. COOKE.　[Seal.]

"HENRY M. SCALES.　[Seal.]

"State of Oklahoma, Oklahoma County—ss:

"Personally appeared before me, justice of the peace, within and for said county, the undersigned sureties on the above undertaking and each for himself on oath states that he is a resident and freeholder of said county and territory and that he has property of the value of ———— dollars, over and above all his debts, liabilities, and all exemptions allowed him by law. And the said ———— further states on oath that his said property consists of ————.

"————————————————————

"————————————————————

"Subscribed in my presence and sworn to, before me, this ———— day of ————, 190—.

"————————————————————

"Justice of the Peace.

"Taken and approved by me this 10th day of Feb., 1909.
                              "EDWARD DEWES OLDFIELD,
                                        "Justice of the Peace."
Indorsed:
"Filed Feb. 10, 1909, Edward Dewes Oldfield, Justice of the Peace."
"Filed in County Court, Oklahoma County, Okla. Feb. 16, 1909, E. M. Hurry, Clerk of County Court."

The transcript of the justice of the peace was filed in the county court on the 16th day of February, 1909, and thereafter, on April 27, 1909, the defendant filed his amended answer to the bill of particulars, and on April 29th the plaintiff filed his reply. On May 5, 1909, the cause was remanded to the justice of the peace for the purpose of perfecting the appeal bond pending a motion to dismiss the appeal, which had been filed on said date by plaintiff. Thereafter, on May 6th, a new appeal bond was filed, but does not appear to have been presented to or approved by the justice of the peace, but which purports to have been given in the justice court, and is an appeal bond from said justice court to the county court. Thereafter, on the 25th of May, the appeal was dismissed for the reason that the original bond was so defective that it could not be amended or substituted. Defendant objected to the judgment of dismissal, and took time to make and serve a case-made for this court, and prosecutes this appeal to reverse the judgment of the county court in dismissing the appeal.

Plaintiff in error seemingly relies upon the theory that even though the appeal bond is defective, and it is admitted by counsel that the bond is "exceedingly so," it was taken and approved by the justice of the peace, and by reason thereof the papers in the case were sent to the county court, and that the primary object of an appeal bond is to give notice of an appeal, and this one, even though defective, having performed that office, the county court is thereby clothed with jurisdiction to hear and determine this cause, and, further, that the county court having concurrent original jurisdiction with the justice court of the subject-matter of the controversy, and plaintiff by making a general appearance in the county court, and filing his reply in the case (which as

counsel for plaintiff in error contends was, in effect, a waiver of any defects in the appeal bond, and of the appeal bond itself), thereby completed the jurisdiction of the county court as to the parties, and therefore the county court should have proceeded to hear and determine the cause as though it had been originally filed therein. In other words, plaintiff contends that inasmuch as the county court had concurrent original jurisdiction with the justice court of the subject-matter, and by appearance, also, of the parties, that the cause should have been tried as though an original case in said court.

At the outset it must be conceded that the pretended appeal bond is fatally defective. A casual examination will disclose a sufficient number of defects to warrant such a conclusion. At no place in the instrument do the words "county court" appear, the only court where such an appeal could be taken. The bond is not payable to the adverse party. In fact, there is no obligee named therein. It does not name, describe, or otherwise identify the judgment which is sought to be appealed from by giving the amount thereof, or the name of the court in which the same was rendered, nor the name of the court to which the appeal is taken. It purports to bind the obligors to pay any judgment and costs that may be rendered against appellant in the district court, but does not bind the obligors to pay any judgment or costs that may be rendered against them in the county court. It is not conditioned that appellant will prosecute his appeal to effect, or without unnecessary delay, and there are many other substantial defects which it is unnecessary to enumerate.

An appeal taken from a justice or other court is purely a statutory proceeding; and while it may be a right, as contended by counsel for the plaintiff, yet that right, to be enjoyed, must be pursued and secured according to the provisions of the statute that gives it. It is not enough to say that a party has a right to an appeal without attempting to perform those plain and necessary preliminary duties without which the right does not exist. Section 6387, Comp. Laws 1909, reads as follows:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party

with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: First, that the appellant will prosecute the appeal to effect and without unnecessary delay; and, second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs; said undertaking need not be signed by the appellant."

And section 6394 provides that:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

But the relief provided for in the latter section cannot be invoked in the case at bar, for it is obvious that the defects in this bond are more than mere informalities as to form or sufficiency as to surety. The defects go to the very substance of the instrument, and it is of no more value than a blank piece of paper, and, being so, cannot be cured by amendment, or substitution, unless it be done within ten days from the rendition of the judgment in the justice court. For the purpose of this case, we can safely say that no appeal bond was filed in the justice court as was required by statute. It is not sufficient to say that this paper was approved by the justice of the peace.

It was the duty of the party giving the bond to see that it was sufficient, and in that he was bound to know what the requirements of the statute were, and the neglect and carelessness or oversight of the justice in such matter will not excuse appellant. Nor can we agree with the contention of counsel that the giving of the appeal bond is simply notice of appeal, and not a jurisdictional matter.

By section 6388, Comp. Laws 1909, it is specifically provided that no notice of appeal shall be required. In the giving of the appeal bond as provided for by statute no notice to the adverse party is required either. The law imposes the duty upon the successful party in the justice court to watch the docket of the justice for a period of ten days; and, if an appeal bond is filed

within ten days, he must take notice of it, and follow the case to the appellate court, and, if no appeal bond is given within ten days, he must also take notice of that fact, in which case he may proceed to enforce his judgment. Counsel would have us believe that the chief office of an appeal bond is to serve notice of appeal, but by examination of the statute, *supra,* we can say that there is no such thing as notice of appeal in this state in appeals from judgments rendered in justice courts. The provisions of the statute requiring an appeal bond mean more than simply the protection of the rights of the appellee. The giving of an appeal bond is required also on the ground of public policy, and for public reasons, and constitutes one of the essential steps in perfecting the appeal. *Brown v. Chicago, etc., Ry. Co.,* 10 S. D. 633, 75 N. W. 198, 66 Am. St. Rep. 730. In that case the court said:

"The undertaking, therefore, being essential in order to confer jurisdiction upon the appellate court, cannot be waived by the parties in the absence of any statutory provisions authorizing such waiver."

In this state there is no statute authorizing such a waiver; on the contrary, as has been said, we have an express statute, mandatory in its terms, requiring the giving of an appeal bond. In *Santom v. Ballard,* 133. Mass. 464, the Supreme Court, in discussing this identical question, said:

"The provisions of law requiring a bond are not wholly for the benefit of the appellee, but partly upon consideration for public policy, to discourage frivolous and vexatious litigation. Parties cannot by their consent dispense with the bond, and thus without complying with the law, divest the inferior court of its jurisdiction, and transfer the case to the higher court. It follows that the superior court rightly dismissed the action."

If the giving of an appeal bond can be waived or the requirement of statute in such a matter ignored, the consequences would be disastrous in many ways. In the case at bar, if the county court heard this case at all, under the theory of counsel for plaintiff in error, it would be by virtue of its own original jurisdiction over the subject-matter, and not as an appellate court. What, then, would become of the original judgment of the justice court?

Washburn v. Delaney.

If the bond was insufficient to confer appellate jurisdiction upon the county court, it was also insufficient to oust the rightful jurisdiction of the justice court. On that point there can be no question. Therefore the county court, trying the case as an original action, could not render a valid judgment, for that the subject involved in the controversy by reason of the judgment of the justice court had already become *res adjudicata*. We appreciate the distinction urged by counsel that in this case the county court had an original concurrent jurisdiction of the subject-matter with the justice court, and that by the general appearance of the parties it acquired full and complete jurisdiction of the whole controversy sufficient to enable it to hear and determine the matter, but we feel that the observations hereinbefore made answer fully that phase of the argument, and that it is apparent that some certain affirmative act—i. e., the giving of an appeal bond, not a worthless piece of paper denominated as an appeal bond—is absolutely essential to divest the jurisdiction of the lower court and to vest it in the appellate court, and it is inconceivable to our mind that two different and separate courts could have jurisdiction of the same subject-matter and the same parties at the same time. And, as was said above, in order to make a complete appeal, the requirements of the statute must be complied with to such an extent that inferior courts shall be left wholly without jurisdiction, and the appellate court must be clothed with the entire jurisdiction of, not only the parties, but of the subject-matter of the controversy.

We are apt to be confused by the argument of counsel, whereby it is urged, and not without some reason, that the county court having original jurisdiction of the subject-matter, and the parties having made a general appearance and pleaded to the merits, therefore the court acquired jurisdiction, and should have tried the case. In the instant case, this is true, but there are cases when this would not be true. For instance, suppose the case below had been one of forcible entry and unlawful detainer. The county court can try such cases only by virtue of its appellate jurisdiction; it having no original jurisdiction. It is necessary that we have uniformity in such matters. No good end can be

attained by the establishment of such a rule as that contended for by counsel. Such a procedure was not contemplated by the Legislature, else no statute requiring an appeal bond would have been enacted, and the establishing of such a precedent would result in nothing but confusion and uncertainty in those inferior courts.

If this were a consideration of an irregular appeal, we might be permitted to look at the questions involved in counsel's argument in a different light. But it is not such a question. This is a question of an appeal absolutely void. The filing of a bond being jurisdictional and none having been filed, there was no appeal. In *Dowell v. Caruthers*, 26 Kan. 723, it is said:

"By making a voluntary appearance in the court, he simply surrendered to the court jurisdiction of his person, so that the court might have made any order or rendered any judgment with reference to him, which would be right under all the circumstances for the court to make or render. Undoubtedly there are cases, even when the appeal is void, where the acts of the appellee would give the appellate court jurisdiction in its discretion to hear and determine the case; but we do not think that this is one of such cases, but, even if it is, the court below refused to hear and determine the case, dismissed the appeal, and thereby exercised its discretion against the appellant, and not in his favor, and we cannot say that the court below abused its discretion in so doing."

This case was decided by the Supreme Court of Kansas in 1882, prior to the adoption of our Code, which came from that state. When we adopted the Code, we also adopted the construction placed thereon by the Supreme Court of Kansas, and such construction is binding upon us now.

Another point not raised by counsel for either party is that all courts have the inherent power to inquire into their own jurisdiction and are thereby clothed with a discretion, the exercise of which, unless abused, will not be disturbed on appeal. The county court of Oklahoma county exercised its discretion and inquired into its jurisdiction, and held that the appeal bond was so defective that it could not be amended or substituted, and that it was without jurisdiction in the premises. In the holding of the learned judge we fully concur.

Finding no error in the record, the judgment of the county court of Oklahoma county should be affirmed.

By the Court: It is so ordered.

All the Justices concur.