## NATION v. SAVELY.

No. 7454—Opinion Filed Nov. 6, 1917.

(168 Pac. 805.)

1. **Partnership — Action Between Partners —Existence of Relation — Question for Jury.**

Generally one partner cannot maintain an action at law against another to recover an

amount claimed by him by reason of partnership transactions, until there has been a final settlement of the affairs of the concern, but where the existence of a partnership is at issue, to be decided by inferences to be drawn from all the evidence, it is a question of fact for the jury.

**2. Justices of the Peace—Order Refusing to Discharge Attachment—Appeal.**

The statute does not authorize an appeal from an order of a justice of the peace refusing to discharge an attachment. The only appeal provided in such case is from the final judgment on the merits.

**3. Justices of the Peace — Appeal — Discharge of Attachment.**

"Where a case in a justice's court, in which an attachment had been issued and levied upon the property of a defendant, is taken by the defendant on appeal to the district court, the attachment is thereby discharged, and the attached property should be delivered to the defendant."

(Syllabus by Bleakmore, C.)

Error from District Court, Pawnee County; Conn Linn, Judge.

Suit by W. H. Savely against W. E. Nation, with attachment. Judgment for plaintiff, and defendant brings error. Affirmed.

Shirk & Danner, for plaintiff in error.

McCollum & McCollum, for defendant in error.

Opinion by BLEAKMORE, C. In November, 1913, Savely filed his bill of particulars in a justice court, alleging that Nation was indebted to him (1) for work and labor; (2) for money expended for services and board of another at the special request of Nation; (3) the board of Nation, and (4) for certain drugs purchased at the request of Nation aggregating $144, "which sum the defendant agreed to pay therefor." He also procured the issuance and levy of an order of attachment against the property of Nation. Thereafter Nation filed denial of the grounds for the attachment. The justice, after hearing evidence, refused to discharge the attachment. Nation then filed his bill of particulars in which it is set forth that he and Savely had verbally contracted to enter into a written agreement to "conduct a certain farming enterprise," pursuant to which he furnished the money with which they purchased property and incurred expense to the amount of $2,768.67; that Savely refused to sign the written contract, and that thereafter, in order to reduce their loss to the minimum, they agreed to and did sell such property, etc.; that there was a net loss of $437.30, for one-half of which

(less a credit of $4, and the sum of $16.50 remitted), he prayed judgment against Savely. Upon trial before the justice, Savely recovered judgment, from which Nation appealed to the district court; and there moved to retax to Savely, independently of the case proper, the costs of the attachment in the justice court, on the ground that the order was wrongfully obtained, asking leave to support the same by evidence. Such motion was overruled. Later he filed a supplemental motion to discharge the attachment, notifying Savely that the same would be presented immediately before the trial on the merits. Thereafter it was agreed that Nation might take possession of the attached property, without otherwise affecting the rights of the parties. The district court, over the objection of Savely to the consideration of the motion to discharge the attachment, directed that the evidence relative to the grounds for attachment be heard and the matter determined upon the hearing of the main issue. Upon trial, at the close of the evidence on behalf of plaintiff, demurrer to that portion thereof adduced in support of the grounds of attachment was sutained. Thereupon defendant demurred to the evidence on the ground that there was such a variance between it and the allegations of the bill of particulars as to amount to failure of proof; that the bill alleged separate causes of action, being partly on an account stated and partly on quantum meruit, and that the testimony disclosed the entire amount to be due on account stated. This demurrer was overruled. Defendant offered evidence, introducing the unexecuted written contract referred to in his pleading, which contained the following clause:

"It is agreed that this contract shall not be considered as a partnership between the parties hereto except and solely in the net profit as aforesaid."

At the conclusion of all the evidence defendant requested a directed verdict, which was refused. There was verdict for plaintiff, upon which judgment was rendered, the journal entry thereof containing the following recital:

"That the demurrer to the testimony of the plaintiff in support of the attachment be and is hereby sustained, with exceptions allowed the plaintiff, and all costs accrued by reason of attachment be taxed against the plaintiff."

Later, on motion to vacate a portion thereof, the judgment was modified and journal entry made to read:

"That all orders heretofore made in this action in this court in reference to the attachment branch of this case, be and the same are hereby set aside, vacated and held for naught."

Defendant has appealed, and here presents the following among other assignments of error: (1) Permitting the introduction of any evidence, overruling demurrer to the evidence, and denying request for instructed verdict; (2) overruling motion to tax costs of attachment to the plaintiff; (3) granting motion of plaintiff to vacate judgment sustaining demurrer to evidence offered in support of grounds of attachment.

It is urged by defendant that he and plaintiff were partners in a farming enterprise; that there had been no settlement of the partnership affairs, for which reason this action would not lie; while plaintiff insisted that no partnership ever existed between them, but that he took charge of a certain farm with the understanding that he was to have one-half of the profits derived therefrom for his services; that the written contract submitted for his signature did not embody the terms of the agreement he undertook to enter into, for which reason he declined to execute the same, and that thereafter he and defendant agreed upon a definite amount to be paid to him for the the services rendered, his expenses, etc.

While it is the general doctrine that "one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of the partnership transactions, until there has been a final settlement of the affairs of the concern," yet "when the question of whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant." Cobb v. Martin, 32 Okla. 588, 123 Pac. 422. The theory of defendant relative to the existence of a partnership between the parties was submitted to the jury by instruction apparently sufficient for the purpose, to which there was no exception.

It is contended that the district court erred in holding that an appeal would not lie from the "attachment branch of the action," and vacating its judgment sustaining defendant's demurrer to the evidence offered in support of the grounds of attachment. If an appeal by a defendant from an order of a justice of the peace sustaining an attachment is permissible under the statute, the undertaking in the instant case might, as insisted by defendant, suffice for that purpose as well as a bond on appeal from the judgment on the merits. The trial court evidently concluded that the only appeal provided by the statute in such case was from the judgment on the merits; that the appeal bond given for that purpose operated to discharge the attachment and authorize the delivery of the attached property to the defendant, and that the interlocutory order of the justice in the attachment proceeding was not properly submitted for review. Such conclusion we regard as correct.

It appears that article 3, c. 61, Rev. Laws 1910, Procedure Before Justice—Attachment and Garnishment (except section 5397, authorizing an appeal by a plaintiff from an order of a justice dissolving an attachment), was adopted from the Kansas Code with the construction placed thereon by the Supreme Court of that state. No provision is found in that article or elsewhere in the statute allowing an appeal from an order of a justice refusing to discharge an attachment. Perhaps the lawmakers considered that the rights of a defendant in such cases were suitably protected by a statutory provision authorizing the discharge of an attachment at any time before the judgment, or an appeal from the final judgment, upon execution of bond, or review upon questions of law by bill of exceptions and petition in error; but, however this may be, it is not the province of the courts to afford appellate remedies by enlargement upon legislative enactment.

In Westheimer & Sons v. Hahn, 15 Okla. 49, 78 Pac. 378, an action originating in a probate court of the territory of Oklahoma (that court exercising the jurisdiction of a justice of the peace), wherein an attempt was made to appeal from an order in the attachment proceedings to the district court, it was said by the territorial Supreme Court:

"There being no provision for appeals from interlocutory orders such as the dissolving of an attachment, it follows that no appeal will lie. If one who feels aggrieved at such an order wishes the same reviewed, there is ample provision by proceedings in error to the Supreme Court. The Supreme Court of Kansas has repeatedly had this question before it in actions originating in the justice court, where the statute of that state provides, as in this territory, for appeals from final judgments only, no provision being made for appeals from interlocutory orders. That court, in the case of Butcher v. Taylor, Wilson & Co., 18 Kan. 558, has held that an order of a justice of the peace dissolving

an attachment was not a final judgment within the meaning of the section providing for appeals from final judgments, and that no appeal would lie from such order. Again, in the case of Roll et al. v. Murray, 10 Pac. 472 (35 Kan. [171]) in a case where judgment was rendered against the plaintiff and the attachment dissolved, the plaintiff appealing from both the main judgment and the order dissolving the attachment, the court held that it was not error for the district court to dismiss that portion of the proceedings which related to the attachment for the reason that an order of a justice of the peace in discharging an attachment is not appealable. In Bogert v. Adams [5 Colo. App. 510], 39 Pac. 351, the appellate court of Colorado held, in a case where the final judgment was in favor of the plaintiff but the attachment dissolved, that there was no appeal, the statute providing for appeals from final judgments only."

In Roll v. Murray, 35 Kan. 171, 10 Pac. 472, it is stated:

"There is no provision in the statutes for taking an appeal from the order of a justice of the peace in any provisional remedy or in any ancillary proceeding, and no provision anywhere for retrying in the district court upon an appeal from a justice of the peace, any question that pertains only to some provisional remedy. or to some ancillary proceeding. The appeal is from a final judgment only; and from a judgment on the merits only, and the trial afterward to be had on the appeal is only upon the merits. It has already been decided by this court that an ordinary appeal bond. given by the plaintiff after a judgment has been rendered by a justice of the peace, will not carry to the district court attachment proceedings instituted in the justice's court, where the justice has discharged the attachment (Gates v. Sanders, 13 Kan. 29), nor attachment proceedings in like cases * * * where the appeal is attempted to be taken before any judgment is rendered upon the merits of the case, the dissolution of the attachment not being considered as a 'final judgment' (Butcher v. Taylor, 18 Kan. 558), and an appeal by the defendant from the final judgment of a justice of the peace will not carry attachment proceedings in the case to the district court, but will discharge the attachment (St. J. & D. C. R. Co. v. Casey, 14 Kan. 504)."

In St. Joseph. etc., R. Co. v. Casey, supra it is held:

"Where a case in a justice's court, in which an attachment has been issued and levied upon property of the defendant, is taken by the defendant on appeal to the district court, the attachment is thereby discharged, and the attached property should be delivered to the defendant."

In the body of the opinion it is said:

"Section 52 of the justice's act provides that: 'If the defendant, or other person in his behalf at any time before judgment, cause an undertaking to be executed to the plaintiff by one or more sureties, resident in the county, to be approved by the justice, in double the amount of the plaintiff's claim, to be stated in his affidavit, to the effect that the defendant shall perform the judgment of the justice, the attachment in such action shall be discharged, and restitution made of any property taken under it, or the proceeds thereof. Such undertaking shall also discharge the liability of a garnishee in such action for any property of the defendant in his hands.' Gen. Stat. 787.

"Section 213 of the Civil Code is precisely like the foregoing section of the justice's act, except the words which we have put in italics are changed as follows: 'In' is changed to 'on'; 'justice' is changed in two places to 'court'; and 'to be' is changed to 'as.' The appeal bond. where the defendant appeals, is in spirit substantially the same as the bond mentioned in the foregoing sections.

"Section 121 of the justice's act provides that: 'The party appealing, shall within ten days from rendition of the judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned first, that the appellant will prosecute his appeal to effect, and without unnecessary delay; second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant.' Gen. Stat. 800.

"Now, as the defendant who appeals gives ample security for the prosecution of his appeal to effect, and for the payment of any judgment that may be rendered against him, it would seem to be hardly necessary that the attachment should continue any longer in force. And as no provision is made by law for the officer who holds the attached property at the time the appeal is taken to turn the property over to some officer of the district court, it would hardly seem that it was intended that the district court should take charge of the attached property. And it can hardly be supposed that after all the proceedings of the justice's court are taken by appeal to the district court, that any officer of the justice's court will continue to have possession and control of the attached property; and the appeal bond in spirit and substance certainly answers all the requirements of section 52 of the justice's act, and section 213 of the Civil Code."

Defendant moved the district court to retax and tax to the plaintiff the costs of the attachment in the justice court, "independent of the main case," and to fix a date for the hearing of such motion. This motion was presented and overruled some eight months before the trial of the case. The overruling of such motion at the time did not constitute error, for the reasons, as we have seen, that "the appeal is from a final judgment only, and from a judgment on the merits only, and the trial afterward to be had on the appeal is only upon the merits." The district court properly declined to retax such costs prior to and independently of the trial of the case on the merits.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.