## PRICE v. PRICE.

No. 9331—Opinion Filed Oct. 1, 1918.

(175 Pac. 343.)

**1. Justices of the Peace—Appeal—Failure to File Bond—Jurisdiction.**

Where the original papers in a case tried before a justice of the peace reach the district court without an appeal bond, that court acquires no jurisdiction of the cause, even though the parties thereto appear and plead to the merits, notwithstanding the district court had original jurisdiction of the subject-matter.

**2. Same—Perfection of Appeal.**

Before the district court can hear and determine a case appealed from the justice of the peace, its appellate jurisdiction must be perfected by a strict compliance with the requirements of the statute regulating such appeals.

**3. Same—Sufficiency of Bond—Duty of Appellant.**

It is the duty of a party desiring to appeal to see to it that the appeal bond is sufficient in law, and he will not be heard to complain thereafter, if such bond is defective nor will the negligence or carelessness of the justice in approving a fatally defective bond excuse the appellant from the performance of such duty.

**4. Same—Waiver of Bond.**

The appeal bond required by section 5466, Rev. Laws 1910, is jurisdictional, and cannot, in the absence of statutory provision, be waived by the parties. Such bond is required, not only to protect the rights of the appellee, but also on the ground of public policy and for other reasons.

**5. Same—Transcript—Appeal Bond.**

Where the transcript of a justice court judgment, filed in the district court October 27, 1916, in an attempt to have the judgment of the justice of the peace there reviewed, shows that the judgment was rendered July 22, 1914, and no appeal bond accompanied such transcript, but it is recited therein that on June 8, 1916, the successor of the justice of the peace rendering the judgment made a finding that an appeal bond had been approved in said cause within 10 days of the date of such judgment, and where the appellant made no application to the district court to supply the defect in

the transcript by substituting an appeal bond, and on January 23, 1917, the appellee presented a motion to dismiss the attempted appeal because of the absence of an appeal bond, held, that the district court did not acquire jurisdiction of such cause and the motion to dismiss the same was properly sustained.

(Syllabus by Galbraith, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

Action in justice court by Milbert Price against R. T. Price. From an order overruling a motion for a new trial and dismissing an appeal from judgment in the justice court, defendant brings error. Affirmed.

Blanton & Andrews, for plaintiff in error.

Yerker E. Taylor, for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from an order overruling a motion for a new trial in a proceeding wherein the trial court sustained a motion and dismissed an appeal from a judgment rendered in a justice of the peace court.

The defendant in error, who was plaintiff below, insists here that the appeal should be dismissed for the reason that the case-made was improperly settled and signed in his absence, and without giving him his full time for sugggesting amendments thereto. It appears that the motion for a new trial was overruled on February 1, 1917, and an order entered on that date extending the time for making and serving the case-made for 60 days in addition to that allowed by statute, and allowing the defendant 10 days thereafter to suggest amendments, and that the case-made should be settled on a 5 days' notice to either party. On March 16th thereafter an order was entered extending the time for making and serving the case-made 60 days in addition to the time theretofore given, and on June 9th another order was entered giving 30 days' additional time for making and serving the case, and providing "that the plaintiff have 10 days thereafter to suggest amendments, and that said case-made may then be settled on 3 days' notice to either party." It thus appears that the time as extended for serving the case-made expired on July 15, 1917. The case-made was served on June 19, 1917. On July 26th, after the expiration of the 10 days allowed the defendant by the last order, extending the time for serving the case-made, had expired, notice was served on the defendant's counsel that the case-made would be presented to the trial judge for settlement on July 30th. The record shows that the case-made was presented at the time and place specified in the notice, and was settled by the judge in the absence of the attorney for the defendant, and without his having suggested any amendments to the case-made. The notice of settlement not having been served until after the expiration of the full 10 days allowed the defendant to suggest amendments, counting such time not from the date of service of case-made, but from the expiration of the time as extended for the service, to wit, July 15th, the settlement of the case seems to have been entirely regular according to the established practice in this jurisdiction. Cummings v. Tate et al., 47 Okla. 54. 149 Pac. 1149. And the contention that this court did not acquire jurisdiction of the appeal must be denied.

The brief of the plaintiff in error, who was defendant below, after reciting that the original action was instituted before the justice of the peace on the 17th day of July, 1914, to recover on a written contract for goods, wares, and merchandise sold and delivered, and that the judgment was entered thereon by default on the 22d day of July, 1914, continues as follows:

"On the 27th day of October, 1916, a transcript of the proceedings had before the justice of the peace was duly filed in the office of the court clerk of Garvin county, Oklahoma, and proceedings on appeal were lodged in said court. There does not appear in the transcript of the proceedings from the justice court or in the district court a copy of the appeal bond from the justice of the peace, but the same appears to have been misplaced. The justice of the peace, Jno. W. Scott, who succeeded W. T. Wallace in office, on the 8th day of June, 1916, made an order in his court, on motion of the plaintiff in error herein. and said justice of the peace found that an appeal bond was filed by defendant within ten days from the date of the rendition of this judgment, and that the same was approved by W. T. Wallace, justice of the peace at that time.

"On the 23d day of January, 1917, the defendant in error filed a motion to dismiss said proceedings: First, because the appeal was not lodged in the upper court until more than two years after the rendition of the judgment in the court below; second, because no appeal bond was filed and approved by the justice of the peace who tried the case below within ten days after the rendition of the judgment."

The case-made contains the following recital relative to the evidence:

"There was no evidence introduced or taken on the trial of this case by either the plaintiff or defendant."

The case-made fails to show that the plaintiff in error made application to the district

court to amend the transcript, and to substitute an appeal bond in lieu of the one "that appears to have been misplaced," so as to give the district court jurisdiction to hear and determine said cause on appeal.

It appears from the recitals of the plaintiff in error's brief that the transcript of the record from the justice of the peace court remained in the district court from the 27th day of October, 1916, until the 23d day of January, 1917, without an appeal bond. Without such bond the district court acquired no jurisdiction of the appeal, and in the absence of a request to the judge to be allowed to correct the record by supplying a substitute appeal bond, assuming that one had been filed with the justice of the peace rendering judgment, it was entirely · proper for the district court to sustain the motion to dismiss the appeal on the ground of absence of such bond.

The rules of law applicable and controlling in the instant case were announced by this court in the syllabi of the opinion in Washburn v. Delaney, 30 Okla. 789, 120 Pac. 620. The third, fourth, sixth, and eighth paragraphs thereof read as follows:

(3) "Where the original papers in a case tried before a justice of the peace reach the county court without an appeal bond that court acquires no jurisdiction of the cause, even though the parties thereto appear and plead to the merits, notwithstanding the county court had original jurisdiction of the subject-matter."

(4) "Before the county court can hear and determine a cause appealed from a justice of the peace, its appellate jurisdiction must be perfected by a strict compliance with the requirements of the statute regulating such appeals."

(6) "It is the duty of a party desiring to appeal to see to it that the appeal bond is sufficient in law, and he will not be heard to complain thereafter if such bond is defective, nor will the negligence or carelessness of the justice in approving a fatally defective bond excuse the appellant from the performance of such duty."

(8) "The appeal bond required by section 6387, Comp. Laws 1909, is jurisdictional, and cannot, in the absence of statutory provision, be waived by the parties. Such bond is required not only to protect the rights of the appellee, but also on the ground of public policy and for other reasns."

In the instant case it is not a question of a defective bond but an entire absence of an appeal bond. The only thing the transcript shows in regard to the bond is a finding made by the successor of the justice of the peace who rendered the judgment, that

an appeal bond had been filed and approved by him within 10 days after the rendition of the judgment, and this finding was made on the 8th day of June, 1916, almost two years after the date of the judgment. The record discloses that this transcript was filed in the district court without an appeal bond, and so remained from the date of its filing, on October 27, 1916, until the date of the motion to dismiss, January 23, 1916, and fails to show that the plaintiff in error made any attempt to supply this fatal defect in the record in order to complete the appeal and to transfer the jurisdiction from the justice of the peace, where the judgment was rendered to the district court where the transcript of the proceedings was filed, even at the time the motion to dismiss was presented or afterwards. It, therefore, clearly appears that the action of the district court in dismissing the appeal was correct. The grounds set out for a new trial were the general statutory grounds for such motion, with the additional ground that the court erred in sustaining the motion of the plaintiff to dismiss the appeal.

It therefore appears that the motion for a new trial was properly denied. The order appealed from should be, and is hereby, affirmed.

By the Court: It is so ordered.