## GUESS v. HOGUE.

*98 P. 2d 598.*

### No. 29078. Jan. 16, 1940.

A. O. Manning, of Fairview, for plaintiff in error.

Tom E. Willis, of Fairview, for defendant in error.

BAYLESS, C. J. John Hogue, landlord, filed an action in forcible entry and detainer in the court of Ivan Williams, a justice of the peace in and for Major county, against Jess Guess, the tenant. Judgment by default was rendered in favor of landlord, but within the ten days allowed for appeal the tenant executed an appeal bond which reads:

"Know all men by these presents: That Jess Guess as principal and Vess Guess and Dean Hayes as sureties, are held and firmly bound unto John Hogue in the sum of Three Hundred and Twenty ($320.00) and No/100 Dollars, for the payment of which well and truly to be made we bind ourselves, our heirs, executors and administrators firmly by these presents.

"The condition of the above obligation is such that whereas, the said Jess Guess intends to appeal to the County Court within and for said county from a judgment rendered against him in favor of John Hogue in the Justice Court of the said County of Major, on the 5th day of May, 1938, before Ivan Williams, Justice of the Peace for Sixth Justice District, said county; Now, if the said Jess Guess, appellant, shall pay the amount of said judgment appealed from, including all costs, if said appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against Jess Guess in said action in the District Court, then this obligation to be void, otherwise to remain in full force."

The bond was duly approved by the justice, and the appeal was lodged in the district court of Major county. A motion was filed to strike the action from the files of the district court because the transcript, etc., indicated the appeal should have been lodged in the county court. The motion was sustained and the transcript, etc., was remanded to the county court.

When the appeal had been lodged in the county court, the landlord filed a motion to dismiss the appeal for the reason the appeal bond was fatally defective in a number of respects and wholly insufficient to vest the county court with jurisdiction.

This motion was sustained, and tenant has appealed. He presents two propositions: (1) The judgment of the justice was erroneous because the proceedings upon which landlord based the ouster action were not in conformity with the

statutes; and (2) the court erred in sustaining the motion to dismiss the appeal.

We do not think tenant is entitled to present the first proposition. It involves the merits of landlord's judgment in the justice court and such an issue was not presented to or passed upon by the judge of the county court. The sole issue presented to him and passed upon by him was one of procedure—the sufficiency of the bond to sustain the jurisdiction of the county court on the appeal.

We do not believe the county judge erred in dismissing the appeal. It is true that section 1020, Okla. St. 1931, 39 Okla. St. Ann. § 249, authorized the amendment of a bond given for appeal from a justice of the peace judgment when it is "insufficient in form or amount." We have construed this to mean, "The court should look first to the bond itself, and, if the intention of the parties and the purpose of the bond is manifest from the instrument itself, the court should allow an amendment. * * *" Federal Discount Co. v. Clowdus, 50 Okla. 154, 150 P. 1104.

The bond quoted above does not identify the nature of the judgment, it is not conditioned as expressly provided by law, section 1021, Okla. St. 1931, 39 Okla. St. Ann. § 251, it recites an intention to appeal to the county court, but obligates those bound by it to pay "any judgment * * * recovered * * * in the district court. * * *" The statute just cited is special in that the conditions of an appeal from a judgment in forcible entry and detainer differ materially from those of an appeal from a money judgment and other types of judgments. This is so because of the nature of the proceeding and judgment therein, and the jurisdiction of forcible entry and detainer is exclusive in justice courts. The form of the bond quoted differs wholly from a bond such as should have been given. The conditions are inconsistent. None of the obligations assumed by the sureties are in any manner similar to those set out in the statute. We do not think the intention of the principal and sureties is manifest from the fact of the bond given, nor is its purpose.

Any bond substituted for this defective bond would be an entirely new and separate and independent obligation. As pointed out in Washburn v. Delaney, 30 Okla. 789, 120 P. 620, the giving of the bond is what divests the justice of his jurisdiction and confers jurisdiction upon the county court, and it is more than a mere matter of indemnity to the appellee—there is a matter of public interest.

We are heartily in accord with the law that permits irregularities, omissions, or oversights to be corrected, but we cannot hold that such a bond as the one given is valid for the purpose of transferring jurisdiction from the justice of the peace to the county court. When the matter was called to the attention of the county court, there was nothing it could do but dismiss the attempted appeal.

Landlord has moved for judgment, upon affirmance on appeal, against the sureties on the supersedeas bond given to enable tenant to appeal to this court. We cannot grant the motion. The only judgment landlord has is one for possession. The only conditions of the bond under consideration are that waste be not committed and to pay double the value of the use and occupation. Neither of these factors have been adjudged and there is no issue or evidence in the record upon which the county court could have rendered a judgment thereon, and we have no such power on appeal. The conditions of the supersedeas bond given are substantially statutory, and fall within the rule announced in Kerr v. McKinney, 69 Okla. 88, 170 P. 685.

The judgment is affirmed.

RILEY, GIBSON, HURST, and DANNER, JJ., concur.