MARKLEY v. OTT.

No. 30897. June 1, 1943.

*138 P. 2d 67.*

Thomas B. Latham, of McAlester, for plaintiff in error.

Geo. L. Hill, of McAlester, for defendant in error.

GIBSON, V. C. J. This is an action instituted in justice court by a landlord against his farm tenant to recover cash rental and to enforce by attachment the statutory lien upon the crops grown on the leased premises (41 O. S. 1941 §§ 23, 27, 28, 29). The plaintiff below appeals from an order of the district court discharging the attachment and denying his motion to dismiss the appeal from justice court.

By agreement of the parties the crops so attached were sold and the proceeds deposited in bank to await determination of the action.

Plaintiff says the appeal bond was insufficient to confer jurisdiction of the proceedings on the district court, or, in event the bond was sufficient, and the court acquired jurisdiction of defendant's appeal from justice court, the district court erred in dissolving the attachment.

That portion of the bond which is said to be so indefinite and uncertain as to render it insufficient to transfer jurisdiction from the justice to the district court, reads as follows: "Know all Men by These Presents:

"That whereas, we, ——.—— as principal and_____ and ——— as sureties, are held and firmly bound unto _____, in the penal sum of $350.00 which sum, well and truly to be paid, we do bind ourselves and each of us, our heirs, executors and administrators, jointly and severally, by these presents.

"The condition of the above obligation is such that, Whereas, on the 29th day of December 1941 193 the above named _____obtained a judgment against the above named principal before Ernest W. Thomas, Justice of the Peace in and for McAlester Township said County and State, for the sum of $122.20 and costs of said suit taxed at $52.30 and said principal intends to appeal from such judgment to the District Court of said County."

The last paragraph contained the usual and customary conditions under which the bond should become inoperative or remain in full force and effect. It was signed by defendant as principal and by E. A. Johnson and Agnes Carter as sureties, and was approved by the justice as required by the statute. The caption contained the name of the plaintiff and the name of defendant, and fully identified the justice court and the action.

Plaintiff moved to dismiss the appeal, charging that the bond was void for uncertainty and constituted no bond at all. But the trial court overruled the motion and, on application of defendant, granted him five days to amend the bond or to make a new one, to be approved by the clerk and certified back to the justice court (39 O. S. 1941 § 249). An entirely new bond was filed and approved in the time allowed. Thereupon the court dissolved the attachment and ordered the funds theretofore deposited in the bank released to the defendant.

On appeal from justice court in cases of this character, the statute requires an undertaking to be executed to the adverse party with at least one sufficient surety to be approved by the justice, and to contain certain conditions as defined in the statute to be performed by the principal and sureties. 39 O. S. 1941 § 242.

The bond is essential to the jurisdiction of the appellate court to hear and determine the cause. Price v. Price, 73 Okla. 178, 175 P. 343. But a bond which is so indefinite and uncertain on its face as to render its purpose and the obligation thereof obscure is insufficient to transfer jurisdiction, and an amendment thereof pursuant to section 249, supra, should not be allowed. Washburn v. Delaney, 30 Okla. 789, 120 P. 620; Guess v. Hogue, 186 Okla. 357, 98 P. 2d 598.

Plaintiff relies on those cases for a reversal of the present judgment, with directions to dismiss the appeal.

Defendant says that the court's order authorizing a new bond was entirely proper under the provisions of said section 249.

That section authorizes the court, on motion, "to order a change or renewal of such undertaking," "when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount." In Federal Discount Co. v. Clowdus, 50 Okla. 154, 150 P. 1104, the court, in construing the statute with reference to the court's duty in such case, held as follows:

"Where an appeal bond is attacked because of defects therein, the court should look first to the bond itself, and, if the intention of the parties and the purpose of the bond is manifest from the instrument itself, the court should allow an amendment, by rejecting insensible words, and supplying accidental omissions, so as to give effect to the manifest intention of the instrument, and should dismiss the appeal only when such defects render the bond so vague that its intention and purpose cannot be gathered from the instrument itself."

That has long been the rule in this state. Graokla Gas Co. v. Chatham, 189 Okla. 697, 119 P. 2d 848.

Plaintiff says the bond fails to state the names of the principal, the surety, and the obligee, and does not show who obtained a judgment; that such defects are not mere irregularities, but are fatal omissions, leaving the purported bond without force or effect and the trial court without jurisdiction.

But it is not difficult to determine all those matters from the face of the bond. The caption thereof clearly identified the plaintiff and defendant, or the obligee and obligor, and the signatures disclosed the principal and sureties. The caption identified the justice court and the number of the cause, and in the body of the instrument the date of the judgment and the amount thereof clearly appeared. The trial court readily identified it as the appeal bond in the particular case, and sufficiently clear in its provisions to constitute a legal and binding obligation. In view of those circumstances the court was authorized by said section 249 to permit defendant to file a new bond in lieu of the irregular one. The original undertaking was therefore sufficient to vest jurisdiction of the appeal in the district court.

In an effort to sustain the court's action in dissolving the attachment prior to trial de novo, defendant cites the general rule that where the judgment of a justice of the peace is duly appealed to district court, any attachment formerly levied in the action is thereby discharged. The rule relied on is expressed in Nation v. Savely, 66 Okla. 229, 168 P. 805, as follows:

"Where a case in a justice's court, in which an attachment has been issued and levied upon the property of a defendant, is taken by the defendant on appeal to the district court, the attachment is thereby discharged, and the attached property should be delivered to the defendant."

That holding is based entirely on the provisions of 39 O. S. 1941 § 367 (sec. 5390, R. L. 1910), which permits the defendant to execute an undertaking to plaintiff, before judgment, in certain form and particulars, to be approved by the justice, whereupon "the attachment in such action shall be discharged, and restitution made of any property taken under it, or the proceeds thereof."

While that section refers to bonds executed after levy of attachment and prior to judgment, the court in the last-cited case applied it to appeal bonds. But the section is a portion of the chapter dealing generally with attachment and garnishment in justice court, whereas the plaintiff's action was instituted pursuant to the statutes dealing specifically with the enforcement of the lien for farm rent by means of attachment. 41 O. S. 1941 §§ 23, 27, 28, 29, supra. Said section 23 provides that "any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

Under section 27, when a person who is liable for rent intends to remove, or

is removing, or has removed his crops from the leased premises, the party to whom the rent is due may commence an action, and upon making an affidavit stating the amount owing, and one or more of the above facts, and executing an undertaking as in other cases, "an attachment shall issue in the same manner and with like effect as is provided by law in other actions."

Section 28 reads as follows:

"In an action to enforce a lien on crops for rent of farming lands, the affidavit for attachment shall state that there is due from the defendant to the plaintiff a certain sum, naming it, for rent of farming lands, describing the same, and that the plaintiff claims a lien on the crop made on such land. Upon making and filing such affidavit and executing an undertaking as prescribed in the preceding section, an order of attachment shall issue as in other cases, and shall be levied on such crops, or so much thereof as may be necessary; and all other proceedings in such attachment shall be the same as in other actions."

Defendant says that since the above section provides that all other proceedings in such attachment shall be the same as in other actions, this case would fall within the rule stated in Nation v. Savely, supra, and the court properly discharged the attachment and ordered redelivery of the money by virtue of the appeal bond.

But the statutes here under consideration are special in nature and provide a remedy exclusive of the general statutes relating to attachment and garnishment. It is true that subsequent to the levy of the writ, proceedings shall then be the same as in other actions. This provision no doubt has reference to trial and appeal, and to say that it would include the giving of a bond to discharge attachment pending judgment as provided under the general statutes would seem to have some merit. But the special statutes make no provision for discharging the attachment pending trial and final determination. To allow that would be to permit a substitution of securities for the lien, and the stat-

utes cannot be so interpreted to permit release of the security provided by law and to substitute another without consent of the lienholder.

The levy of the writ does not create the lien, but it holds the property in custodia legis and performs the same function as an execution upon foreclosure. Wilmering v. Hinkle, 61 Okla. 82, 160 P. 60. In that case the court held as follows:

"The statutory lien given a landlord upon the crops grown upon the rented farm exists independently of a seizure by attachment or other process."

And, referring to the Kansas case of Scully v. Porter, 3 Kan. App. 193, 46 P. 313, the court said:

"In that case, under a state of facts similar to the instant case, it was held that the landlord had a lien upon the crop, which continued until the rent was paid or until the lien was waived, relinquished, lost or otherwise divested, and that the lien exists by force of the statute independently of the levy of an attachment; . . ."

Here, the lien was neither waived, relinquished, or lost; and the plaintiff was not divested thereof by the appeal bond, for, to release the statutory security would defeat the lien, and the statute does not contemplate such a situation. The lien remains intact until it is foreclosed under the writ and the property sold.

Defendant believes the bill of particulars to be insufficient for failure of a prayer for foreclosure of the lien. No supporting authority is cited, and we are aware of none. The bill contained a general prayer for proper relief, and, with the affidavit, fully complied with the statute.

It is also said that the affidavit was insufficient under the requirements of section 27, above. But we are unable to agree. Plaintiff's original pleading was denominated "Bill of Particulars. Action for Rental Liens, and Affidavit of Attachment." The bill set out the facts as directed by section 27, and asserted that the plaintiff claimed a lien on the

crops therein described, for a specified sum, and prayed that attachment issue thereon. The bill was duly verified by plaintiff. That constituted sufficient compliance with the statute. Therefore, the action of the court in discharging the writ cannot be justified or sustained on that ground.

The judgment is reversed and the cause remanded, with directions to take such further proceedings as will not be inconsistent with the views herein expressed.

CORN, C. J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and BAYLESS, JJ., absent.